EDWIN T. HUNT and WILLIAM J. HUNT, impleaded with JAMES S. BEVERIDGE

*v.*

RICHARD L. DIVINE.

1. PROMISSORY NOTE — *What constitutes — certificate of deposit.* A banking house issued a certificate of the following form: " Banking house of E. T. Hunt & Co., Sycamore, Ill., March 9th, 1861, C. M. Chase, Esq., has deposited in this bank two hundred and eighty dollars and fifty cents in currency, subject to the order of himself, and payable in like funds on return of this certificate, three months after date, E. T. Hunt & Co.," endorsed "C. M. Chase." *Held,* such a certificate was in effect, a mere promissory note and governed by the rules nad principles applicable to that class of paper. The makers of the certificate engaged to pay to the order of Chase, the amount specified in it, in three months after its date, and at no particular place nor on demand.

2. BANKING LAW — *what a violation of.* The banking law of the State only prohibits the issue of evidence of indebtedness not payable on demand, by persons who have availed themselves of its provisions to act in a corporate capacity.

3. Same — *effect of the words "on return of this certificate."* These words do not change the legal effect of the undertaking, or require the holder to present the note at the banking house of the makers. There being no promise to pay at the banking house, there was, consequently, no obligation on the holder to present it there.

4. Same — *rule as to promissory notes.* In regard to this kind of paper the rule is, the maker must find his paper and take it up. The demand is by the maker on the holder, which, when made, will be the time to return the certificate.

5. Same — *when return of certificate is a condition precedent.* There being no place named where this money was to be paid and the certificate returned, the return of the certificate cannot be a condition precedent to a recovery. If it is produced on the trial, ready to be delivered up to the maker, the holder will have performed his obligation. In every promissory note, there is an implied undertaking by the payee or holder to return it to the maker on payment of the money.

6. Same — Such a certificate is not payable on the performance of a condition precedent but is payable absolutely, three months after its date. The fact that it is payable at a certain time, is for a certain sum and payable to a certain person, gives it its character of a promissory note — it comes up to all the conditions required of such paper.

7. Same — *as to promissory note payable on demand.* Such a promissory note, as against the maker, can be prosecuted to judgment without averring or proving any demand. So if it is made payable at a particular time and place it is not necessary to aver or prove a demand at the place, in order to a recovery.

Appeal from the County Court of DeKalb county; the Hon. Edward L. Mayo, County Judge, presiding.

This was an action of assumpsit upon a certificate of deposit. The first count is upon the instrument as a *promissory note*. The second, alleges that on the 9th of March, 1861, in consideration C. M. Chase would *deposit* in the *bank* of defendants for three months, $280.50 in currency, defendants, by name of E. T. Hunt & Co., undertook, &c., in and by a certificate of deposit, dated March 9, 1861, to pay to the order of C. M. Chase the said sum of $280.50, in currency, *on return of said certificate* of deposit, three months after the date thereof. The count then alleges assignment to plaintiff. The common counts are added.

A verdict was found for the plaintiff, on which judgment was rendered. To reverse this judgment, the cause is brought here by appeal.

Mr. CHARLES KELLUM, and Messrs. HURD, BOOTH & KREAMER for appellants.

Mr. R. L. DIVINE, *pro se.*

The certificate of deposit on which suit was brought, is a promissory note. *The Bank of Peru* v. *Farnsworth,* 18 Ills., 565; *Laughlin* v. *Marshall,* 19 Ill., 391; *Swift et al.* v. *Whitney et al.,* 20 Ill., 144.

The words " on return of this certificate " are implied in every promissory note, and in themselves do not change or modify the legal effect of the instrument. Edwards on Bills and Notes, 295; Story on Promissory Notes, section 107; *Rogers* v. *Miller et al.,* 4 Scam., 335; *Rice* v. *Webster et al.,* 18 Ill., 331.

Messrs. HURD, BOOTH & KREAMER, for the appellants, in reply, said they desired to present the single question: " Can the holder of a certificate of a bank or banker maintain suit upon it without return of the certificate or demand made, and recover interest so long as he may choose to hold it?" The certificate is void under section twenty of act of February 15th, 1851, in relation to time certificates of deposit such as this. *Bank of Peru* v. *Farnsworth,* 18 Ill., 563.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was an action of assumpsit in the DeKalb County Court, brought by the appellee against the appellant on the following instrument of writing: Banking house of E. T. Hunt & Co., Sycamore, Illinois, March 9th, 1861, C. M. Chase, Esq., has deposited in this bank, two hundred and eighty dollars and fifty cents in currency, subject to the order of himself, and payable in like funds on return of this certificate

three months after date, E. T. Hunt & Co.; endorsed C. M. Chase.

The first count of the declaration is upon this instrument as a promissory note — the second count alleges that on the 9th of March, 1861, in consideration C. M. Chase, at the special instance and request of defendants, would deposit in the bank of defendants for three months from and after that date, two hundred and eighty dollars and fifty cents in currency, the defendants by the firm name of E. T. Hunt & Co., undertook and did promise Chase in and by a certain instrument in writing named and called a certificate of deposit of that date, to pay to the order of said Chase on the return of the certificate of deposit, three months after the date thereof the sum of two hundred and eighty dollars and fifty cents in currency — that Chase assigned the certificate to the plaintiff, etc.

The third count is the money counts, work and labor, goods sold and delivered, etc.

The plea was non-assumpsit, and a trial by the court, who found a verdict for the plaintiff, and assessed the damages at $332.85, on which a judgment was duly entered up. The case is brought here by appeal.

The first point made is, that no suit can be maintained on this instrument without a previous demand of payment and a return of the certificate; that such return is a condition precedent to any right to recover.

This further point is made by appellants, that the certificate is void under section twenty of the act of February 15th, 1851, known as the general banking law, and reference is made to the case of the *Bank of Peru* v. *Farnsworth*, 18 Ill., 565.

This point will be first considered, for if it is well taken, it will be unnecessary to consider the other.

Section twenty is as follows: No banking association or individual banker, shall issue or put in circulation any bills or notes of such association or banker, unless the same shall be made payable on demand. And every such association or

banker shall always keep on hand a sufficient amount of specie to redeem all such bills or notes as may be presented at the place of payment.    Scates' Comp., 115.

The object and purpose of this act are very apparent. They concern exclusively, incorporated bankers or associations, composed of one only or several persons with power to issue notes as a circulating medium, and not a single individual or firm not incorporated under this act; section six provides that any number of persons may associate to establish offices of discount, deposit and circulation, and become incorporated upon the terms and conditions, and subject to the liabilities prescribed in this act.    By section seven, such persons are required, under their hands and seals, to make a certificate which shall specify,—1. The name assumed to distinguish such association, and to be used in its dealings.    2. The place where the business is to be carried on, designating the particular city, town or village.    3. The amount of capital stock, and the number of shares into which the same may be divided.  4.  The names and residence of the stockholders, etc.  5. The period at which such association shall commence and terminate.    This certificate is to be acknowledged and recorded in the office of the recorder of the proper county, and a copy filed in the office of the Secretary of State, on which being done, the corporation is created with the usual powers of banking corporations.

The term, therefore, " individual bankers," as used in section twenty, must have reference to a banking concern composed of one individual only, and incorporated under the provisions of the act.

If these incorporated "individual bankers" or corporations, fail to redeem their circulation, their notes can be protested, and the auditor can proceed to put them in liquidation and wind up their affairs.    A receiver is to be appointed to take charge of the assets of every " such banker or association," and collect the debts due.    By section twenty-seven, the assets of any such banker or association as shall come into the hands of the receiver, shall be applied in payment

of the circulating notes. By section twenty-eight, the amount of stock held by any "individual banker," or by any stockholder in such association, shall be held and controled by the receiver for the payment of any note put into circulation.

Section thirty provides, that each and all the provisions of the act shall apply to, and control, in all respects, any banker who shall conduct business under the provisions of this law, whether the word banker is or is not used in any such provision. Ib., 117.

In the case cited, *Bank of Peru* v. *Farnsworth*, it was conceded that the bank was an association incorporated under the law of 1851, portions of which we have cited, hence, the propriety of the decision, the note being within the prohibition of section twenty of that act. The appellants here, are private bankers and not an institution having general banking powers issuing notes for circulation. This point not being tenable, the other question remains to be considered : Can a suit be maintained on this instrument without a previous demand of payment and a return of the certificate ? Is such return a condition precedent to the right to recover ?

It is contended by appellants, that a banker has a right to prescribe the terms on which he will receive money on deposit, and when they are reasonable, they must be enforced against the depositor, as part of the contract. That it cannot be said, that a condition, on the face of a certificate, whereby it is made payable on its being returned, is unreasonable, or that it imposes any hardship on the holder, and that it would be a hardship on the banker, if he was required, after having issued a negotiable instrument like this, to follow it into the hands of the holder, and take his funds to a distant place, in order to make payment.

To determine the question presented, it must be first ascertained what is the character of the instrument, and as to that, we have only to refer to the case of the *Bank of Peru* v. *Farnsworth*, already cited. The instrument counted on in that suit, was almost identical with the one before us. The court there say, in form, it is a certificate of deposit. But that

is not all. It is also an express promise to pay the amount deposited four months from date. The certificate of deposit is merely a declaration of the consideration of the promise. The promise to pay is no more qualified or legalized by the certificate of deposit, than it would be by any other expression of a sufficient consideration. The substance and effect of the instrument are precisely the same that they would be, had it declared that for value received the bank agreed to pay Farnsworth the amount in currency on the return of the instrument, with his endorsement, four months from date. If such was the legal effect of the instrument, it is simply a promissory note. No particular form of words is necessary to make a promissory note. Any form of expression containing an absolute promise to pay a certain amount at a time certain, constitutes a promissory note.

To the same effect are *Laughlin* v. *Marshall*, 19 Ill., 390, and *Swift et al.* v. *Whitney et al*, 20 Ib., 144.

This instrument being a promissory note, it must be governed by the rules and principles applicable to that class of paper.

What did the makers of it engage to do? They engaged to pay Chase two hundred and eighty 50-100 dollars three months after the date of the certificate. It is not payable at any particular place nor on demand, but three months after date at no particular place. Now do the words "on return of this certificate," change the legal effect of this undertaking, or require the holder to present it at the banking house of the makers? There is no promise to pay at the banking house, consequently, no obligation rested on the holder to present it there. The rule is, in regard to this kind of paper, that the maker is to find his paper and take it up. The demand is by the maker on the holder, which, when made, will be the time to return the certificate. Edwards on bills and promissory notes, 221; *Allen* v. *Rigthmere*, 20 Johns. R ., 365, wherein it was held, it was the duty of the debtor to seek the creditor, and pay his debt on the very day it became due.

There being no place named where this money was to be paid and the certificate returned, the return of the certificate cannot be a condition precedent to a recovery. If it is produced on the trial, ready to be delivered up to the makers, the holder will have performed his obligation. In every promissory note, there is an implied undertaking by the payee or holder, to return it to the maker, on payment of the money. An express undertaking to return it, could have no greater force, nor could it change or modify the legal effect of the instrument. All that the maker can demand, is that he shall be protected against the reappearance of the instrument, and against another recovery upon it. This is effectually accomplished by producing the instrument on the trial for cancellation if need be, at any rate, placing it in the power of the maker. Edwards on bills and promissory notes, 295 ; Story on promissory notes, sec. 107. The return of the certificate, was not, therefore, a condition precedent to the recovery. A condition precedent, is in some sense, a contingency, and an instrument payable on a contingency is not a promissory note, but this is a promissory note as decided in the *Bank of Peru* v. *Farnsworth,* 18 Ill., and *Laughlin* v. *Marshall,* 19 ib. Consequently it is not payable on the performance of a condition precedent, but payable absolutely three months after its date. The fact, that it is payable at a certain time, is for a certain sum, and payable to a certain person gives it its character of a promissory note — it comes up to all the conditions required of such paper. A promissory note payable on demand, as against the maker, can be prosecuted to judgment without averring or proving any demand. So if it is made payable at a particular time and place, it is not necessary to aver or prove a demand at the place in order to a recovery. *Butterfield* v. *Kinzie,* 1 Scam., 445 ; *Armstrong* v. *Caldwell,* Ib., 546. In *Wallace* v. *McConell,* 13 Peters, 136, it was likewise held, that in actions on a promissory note against the maker, when the note is made payable at a specified time and place, it is not necessary to aver in the declaration and prove on the trial, that a demand was

made in order to maintain the action. But if the maker was at the place at the time specified, and was ready and offered to pay the money, it was matter of defence to be pleaded and proved on his part. And this is the doctrine of all the courts of this country.

Holding as we do, that this instrument is a promissory note, it must be governed by the rules applicable to that kind of paper some of which we have expressed.

The proposition with which the appellants set out, is attempted to be maintained by the case of *Downs* v. *The Phœnix Bank of Charlestown,* 6 Hill, 297, and which is considered by appellants as like this case, and ought to determine it. We see no similarity in the two cases. The case in Hill was, where a bank had received money on deposit in the ordinary way, from one of its customers, and it was held the depositor could not maintain an action for it, without a previous demand either by check or otherwise. In this case before us, the bank had executed and delivered its promissory note, and made it negotiable, to pay the money specified in it, in a certain time, making it an entirely different case.

The appellee was entitled also to recover on the special counts, and on the authority of *Swift et al.* v. *Whitney et al.,* 20 Ill., 144, this instrument of writing was admissible under them without proof of its execution unless specially objected to. The record does not show any specific ground of objection to this instrument as evidence. The objection if specific, might have been removed on the trial by proof, and therefore should have been then made. *Buntain* v. *Bailey,* 27 ib., 409.

The other case cited by appellants, that of *Wallace* v. *The State Bank,* 2 Eng. (Arkansas) Rep., 61, does not seem to sustain the view they take. In that case there was a demurrer to the declaration, and one of the grounds of demurrer was that it contained no averment that a demand was made by the plaintiff of the Fayettville branch, to return the notes mentioned in the certicate of deposit, and that there was a refusal to do so on the part of the branch.

10

The Circuit Court sustained the demurrer, and on error brought, the Supreme Court reversed the judgment. The inference is the Supreme Court denied it unnecessary to aver a demand and refusal.

The case in 10 Missouri, 519, *Bank of Missouri* v. *Benoist & Hackney*, decides that a demand is not necessary to entitle a party to recover money deposited in a bank after the bank had rendered an account claiming the money as her own, though a demand was necessary to entitle the depositor to recover 10 per cent. per annum from the bank for failing to pay the deposit.

The case in 22 Pickering, 181, was upon this agreement: " Dr. Franklin Bank in account with B. F. White. Cr., 1837, February 10th, to cash deposited, $2,000. The above deposit to remain until the 10th day of August, E. F. Bunnell, cashier." The court held this agreement illegal and void under the statute of Massachusetts, it being a contract by the bank for the payment of money at a future day certain, and that no action could be maintained by the depositor against the bank upon such express contract; but that he might recover back the money in action commenced before the expiration of the time for which it was to remain on deposit, the parties not being *in pari delicto*, and the action being in disaffirmance of the illegal contract; and that such action might be maintained without a previous demand. These cases seem to support the position of appellee, rather than that of the appellants. But the essence of the controversy is, what was the character of this instrument of writing? It being considered a promissory note, the solution of the questions made is not difficult. The judgment must be affirmed.

*Judgment affirmed.*