OCTOBER AND NOVEMBER TERM, 1884, No. 63.     OCTOBER 14, 1884.

## McGough *et al. v.* Jamison.

1. A certificate of deposit payable to the order of the depositor "on return of this certificate" is not due until demand made with an offer to return the certificate.

2. The Statute of Limitations does not begin to run against it until such demand has been made.

3. The demand may be made after the expiration of six years from the date of the certificate.

4. An affidavit of defense setting forth "that the said plaintiff did not at any time prior to the commencement of this suit make from said defendants or any of them any proper or lawful demand for the money for which in this suit he claims to recover, and which he alleges is now due him. This deponent expressly denies that any demand from said McGough, Parker & Co. for said money was made on the 2d day of September, 1882, in any way binding upon said firm," is not a sufficient denial of the demand to prevent judgment.

5. An affidavit of defense to a suit upon a certificate of deposit to the effect that the defendants ceased business nearly six years before suit brought, and transferred their accounts to a corporation, that they have not kept up any form of organization since, that all the accounts were closed and public notice given of the transfer and discontinuance, that since they have had no officers or place of business, and that the plaintiff did not make any demand from any officer of defendants while they were doing business, is not sufficient to prevent judgment.

Before MERCUR, C. J.; TRUNKEY, STERRETT, GREEN, and CLARK, JJ. GORDON and PAXSON, JJ., absent.

Error to the Court of Common Pleas of *Armstrong County.*

*Assumpsit*, September 4, 1882, by B. F. Jamison against Peter McGough, James P. Parker, and others to recover on the following instrument of writing:

[McGough *et al. v.* Jamison.]

## PARKER'S SAVING BANK.

### McGOUGH, PARKER & CO., BANKERS.

#### PARKER'S LANDING, PA., *April 29, 1876.*

$843
Certificate
of
Deposit.

Payable at five
per cent. if left
six months.

B. F. Jamison has deposited in this bank eight hundred and forty-three dollars—payable to the order of himself on return of this certificate.

A. D. RUSSELL,
*A. C.*

[*Indorsed.*]

B. F. JAMISON.

The defendants filed an affidavit of defense, which set forth:

*First.* That the defendants are not now indebted, nor were they at any time indebted, for goods sold and delivered, nor for work and labor done for the said plaintiff, nor for money paid, laid out, and expended, nor upon an account stated, nor by reason of any promise to pay as charged in the narr in this case.

\* \* \* \* \* \* \* \*

*Third.* That the defendants are advised and believe that the certificate sued on was payable presently after its execution and delivery, to wit: April 29, 1876, and that the present action was not brought until the 4th day of September, 1882—more than six years after the maturity of the said certificate, and after the right thereof had fully accrued, and that the same cannot in the present action be recovered because barred by the Statute of Limitations, which the said defendants hereby plead and set up.

*Fourth.* That the said alleged certificate of deposit is not within any of the exceptions to the Statute of Limitations, and that no promise is averred in the plaintiff's narr, or alleged to have been made to pay the same, either absolutely or conditionally, within six years prior to the expiration of this writ. All of which the defendants can prove by legal and competent evidence.

James P. Parker, one of the defendants, upon leave of the court, filed a supplemental affidavit of defense, as follows:

"Deponent says that the said defendants, under the name and style of McGough, Parker & Co., were engaged in business at Parker's Landing, Pa., for a number of years prior to 1877; but that in February, 1877, the said firm ceased to do business and transferred the business

[McGough *et al. v.* Jamison.]

and accounts theretofore done and kept by the said Mc-
Gough, Parker & Co., to the Parker Savings Bank, a cor-
poration created under the laws of Pennsylvania. The
said firm of McGough, Parker & Co. has not been en-
gaged in a banking or other business since on or about
the 13th day of February, 1877, and has not kept up any
form of organization since that date. All accounts of
said firm, so far as presented, were closed, and public
notice was given that its business was transferred, and
that the firm of McGough, Parker & Co. had discontinued
its business. Said firm, since that date, has not been
represented by any officers and has not had any place of
business. This deponent says that the said plaintiff did
not make any demand for the amount of money he claims
in this case from any cashier or any officer of said firm of
McGough, Parker & Co., while said firm was doing busi-
ness and had a representation by its regular officers, to
wit, prior to February 13, 1877. This deponent further
avers, and expects to prove on the trial of this cause,
that the said plaintiff did not, at any time prior to the
commencement of this suit, make from said defendants,
or any of them, any proper or lawful demand for the
money for which in this suit he claims to recover and
which he alleges is now due him.

"This deponent expressly denies that any demand
from said McGough, Parker & Co., for said money was
made on the 2d day of September, 1882, in any way
binding upon said firm."

The narr filed with the copy set forth that demand had
been made on September 2, 1882.

The court below, NEALE, P. J., March 3, 1884, entered
judgment for the plaintiff. The defendants thereupon
took this writ, assigning for error the action of the court
as above.

*E. S. Golden* and *J. P. Colter* for plaintiffs in error.

If the obligation upon which this suit was brought is a
due bill, payable on demand, the Court erred in entering
judgment for want of a sufficient affidavit of defense. In
that view of the claim, it is clearly barred by the Statute
of Limitations. If the obligation be held to be a certifi-
cate of deposit, placing the defendants in the position of
bailees, there was still error in making the rule for judg-
ment absolute, because the affidavits of defense distinctly
deny that the plaintiff had made demand for amount
alleged to be due before he brought suit. There was cer-

[McGough *et al. v.* Jamison.]

tainly an issue of fact raised on the question of demand, which should have been submitted to a jury.

The obligation is, under all the facts of the case, a due bill or promissory note. The plaintiff, when he left the money in the bank, was undecided whether he would leave it as a deposit or loan the money to the defendants. A clause was added to the writing requiring the payment of interest at five per cent. if the money should be left with the defendants six months. By the action of the plaintiff, this clause, requiring the payment of interest, became binding, and in this appears his decision to leave the money with them as a loan: Laforge *v.* Jayne, 9 Barr, 410 ; Andress' Appeal, 3 Outerb., 421 ; Milne's Appeal, *Id.*, 483.

The plaintiff is not relieved from the necessity of bringing his action within six years in certain cases, even when the defendant stands in the relation of trustee. On this we cite : Barton *v.* Dickens, 12 Wright, 518 ; Campbell's Administrators *v.* Boggs, 12 Wright, 524 ; Finney *v.* Cochran, 1 W. & S., 118.

If, however, this obligation is of the character of a bailment within the ruling of the cases relied on by the plaintiff, he was, at least, bound to make demand before he brought suit. The reason given in those cases why the claims were not barred is that they may run six years after demand made. But both cases recognize the necessity of previous demand : Codman *v.* Rogers, 10 Pickering, '112 ; Morrison *v.* Mullin, 10 Casey, 12 ; Alexander *v.* Leckey, 9 Barr, 120.

*Buffington & Buffington* for defendant in error.

The instrument of writing upon which the suit was brought is a certificate of deposit, and the case falls under the ruling of Girard Bank *v.* Bank of Penn Twp., 3 Wr., 92, and Finkbone's Appeal, 5 Norris, 368, and the statute does not run until demand made. This is not the case of a due bill payable on demand, as in Milne's Appeal, 3 Out., 486, and Andress' Appeal, *Ibid.*; 421, but is a deposit of money to be returned on demand and "on return of this certificate." The first is a matter of contract only, the other a trust arising out of contract, and the statute will not run until demand made.

If the defendants had alleged, in their affidavit, that no demand had been made, and stopped, there would have been no pretense for the entry of judgment, but they aver such further facts as show that no demand was necessary. If the reason for requiring a demand ceases to

[Pennsylvania Railroad Company *v.* Friday.]

exist, the necessity of making a demand falls with it. "Reason is the soul of the law, and when the reason of any particular law ceases, so does the law itself": Broom's Legal Maxims, page 151.

OCTOBER 27TH, 1884.—PER CURIAM: It is true the Statute of limitations begins to run against a mere due bill payable on demand, from the date of the bill, and not from the time of demand for payment: Andress *et al.* Appeal, 3 Out., 421. That is because suit may be brought at once thereon without previous demand. The instrument, however, on which this suit is brought is not such a due bill. It is not payable on demand merely. It is payable to the order of the depositor "on return of this certificate." That super-added condition changes its character. A suit could not be maintained on this instrument without returning it or offering to return it. It is, in fact, an instrument known as a certificate of deposit. It was not due until demanded and a return of the certificate. No action could be maintained thereon until that time. It follows that is the time the statute began to run, for then the right of action accrued: Finkbone's Appeal, 5 Norris, 368. The demand may be made after the expiration of six years from the date of the certificate: *Id.* In the present case, the demand is averred to have been made two days before suit brought. The supplemental affidavit impliedly questions the validity of the demand, produced by the conduct of the plaintiffs in error. All that is therein averred is insufficient to prevent judgment: Cooper *v.* Mowry, 16 Mass. Rep., 7.

Judgment affirmed.