(No. 14495.—Reversed and remanded.)
## W. H. EMERSON, Appellant, *vs.* THE NORTH AMERICAN TRANSPORTATION AND TRADING COMPANY, Appellee.

*Opinion filed April 19, 1922—Rehearing denied June 8, 1922.*

1. LIMITATIONS—*limitation is controlled by law of State where the suit is brought—construction.* Statutes of limitation affect the remedy, which is to be governed by the law of the State where the suit is brought, but the character and construction of a contract is determined by the law of the jurisdiction in which the cause of action arose.

2. BANKS—*certificate of deposit is not due until payment is demanded.* A certificate of deposit payable to the depositor upon return of the certificate is not due until the certificate is tendered and demand for payment is made, and a cause of action does not accrue to the holder of the certificate until such demand is made and payment is refused.

3. SAME—*when reasonable time for demanding payment is not measured by period of limitation.* The rule that a reasonable time for demanding payment of a certificate of deposit is measured by the statutory period of limitation for bringing suit and that a demand within such time will be presumed is not an inflexible one and will not be applied to a non-interest bearing certificate of deposit for safe keeping, particularly where there are circumstances proven affecting the question of what would be a reasonable time.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

KNAPP & CAMPBELL, (JOHN R. COCHRAN, and LEONARD FERRIS MARTIN, of counsel,) for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, W. H. Emerson, brought this suit in the municipal court of Chicago on June 15, 1917, to recover the amount of a certificate of deposit made by the appellee, the

North American Transportation and Trading Company, for
$10,000 deposited with the defendant on March 31, 1900,
at Nome, Alaska, to be re-paid in gold dust at $16 per ounce
or United States or Canadian currency, at the defendant's
option, upon the return of the certificate properly indorsed.
Issues were formed by an affidavit of defense and submit-
ted to the court for trial. The court heard the evidence
and rendered judgment for the defendant. On appeal to
the Appellate Court for the First District the judgment was
affirmed, and a certificate of importance and an appeal to
this court were allowed.

At the close of the evidence the court made findings of
fact tendered by the plaintiff in substance as follows: The
plaintiff, W. H. Emerson, on March 31, 1900, deposited
with the defendant at Nome, Alaska, $10,000, and the de-
fendant by its duly authorized agent executed and deliv-
ered to plaintiff a certificate of deposit, as follows:

"$10,000.00          Certificate of Deposit     .     No. H761
    NORTH AMERICAN TRANSPORTATION & TRADING CO.
                          Nome, Alaska, 3/31"/900.
"This certifies that W. H. Emerson has deposited ten thousand
dollars, payable to the order of W. H. Emerson upon return of this
certificate properly endorsed. Not subject to check, and redeem-
able in gold dust at the rate of 16. per oz., or in U. S. or Canadian
currency, at the company's option.
    NORTH AMERICAN TRANSPORTATION & TRADING CO.
                              By R. J. Embleton."

On December 13, 1916, the plaintiff indorsed the certi-
ficate and caused the same to be presented to the defendant
at its principal office in Chicago and payment was refused.
The defendant is a corporation organized on April 14, 1892,
under the laws of Illinois, and has at all times since that
date maintained its principal office in Chicago. The plain-
tiff at all times since the year 1904 has resided in California.
The defendant from time to time maintained and operated
branches of its business at various points in Alaska, and at
Seattle, in the State of Washington. Among the branches
so maintained and operated in the Territory of Alaska was

one at Nome, which was operated there from the winter of 1899 to some time in 1905 but not after May 1, 1905, prior to which time the defendant discontinued its station or place of business at Nome and has not since that date had or maintained a place of business at Nome. The defendant never at any time delivered to the plaintiff the quantity of gold dust specified in the certificate nor paid to the plaintiff the amount thereof in United States or Canadian currency or returned to the plaintiff the $10,000 deposited. The plaintiff proved all the averments of his statement of claim.

On the part of the defendant the court made the following findings of fact: The defendant is a corporation organized and existing under the laws of this State and chartered on or about April 14, 1892, and ever since has had and maintained an office and transacted business in the State of Illinois and was capable of being sued and served with process in this State, which was the same finding of fact before recited. From prior to 1900 continuously up to the time of the trial defendant was engaged in and conducted business in the Territory of Alaska by and through its certain agents and representatives in said Territory and has been capable of being sued and served with process in said Territory. The plaintiff never presented the instrument sued upon or made any demand for payment of the same until on or about December 13, 1916. From and after March 31 the certificate could have been presented to the defendant and payment demanded either in the Territory of Alaska or the city of Chicago. The Statute of Limitations of the Territory of Alaska applicable to instruments of the kind and character sued upon required action to be commenced within six years next after the cause of action had accrued.

The plaintiff tendered to the court and the court refused to hold the following propositions of law: That a cause of action does not accrue to the holder of a certificate of

deposit in the form of the one sued upon until an actual demand for payment and refusal; that the plaintiff's cause of action accrued on December 13, 1916, and not before; that the plaintiff's cause of action was not barred by the Statute of Limitations of this State or by the Statute of Limitations of the Territory of Alaska, and that the certificate was a contract, under the terms of which the defendant, upon the return thereof properly indorsed, was bound to deliver to the plaintiff either 625 ounces of gold dust or the sum of $10,000 in United States or Canadian currency.

The defendant tendered to the court and the court held the following propositions to be the law: That the action was barred under sections 16 and 20 of the Statute of Limitations of this State; that the certificate became due and payable at its date on March 31, 1900, and the cause of action accrued thereon at that date, and the Statute of Limitations of this State began to run against the instrument from and after said date; that the cause of action accrued on March 31, 1900, and the Statute of Limitations of Alaska began to run on that date, and the plaintiff was required to commence his action in Alaska within six years thereafter; that the plaintiff was at the time of the commencement of this suit barred in the courts of Alaska and barred by section 20 of the Statute of Limitations of this State; that the plaintiff failed to make demand for the payment of the instrument sued upon within a reasonable time after the execution and delivery of the same and was therefore barred; that such reasonable time for making such demand was within six years next after March 31, 1900; that the plaintiff did not commence his suit within six years after the expiration of a reasonable time for making a demand, and in consequence thereof was barred by the Statute of Limitations of Alaska; that the plaintiff did not commence his suit within ten years after the expiration of a reasonable time for making a demand and was barred

by the Statute of Limitations of this State, and that if it should be held, as a matter of law, that plaintiff was required to make a demand within a reasonable time, such reasonable time was not in excess of the period of limitations of the Territory of Alaska,—that is to say, not in excess of a period of six years after March 31, 1900.

The trial court held every controverted question of fact for the plaintiff, but held that the action was barred in a variety of ways under statutes of limitation, applying the statute of Alaska to bar the action there to bring it within section 20 of our statute and also to fix the time when our statute would begin to run. Statutes of limitation affect the remedy which is to be governed by the law of the State where the suit is brought, but the character and construction of a contract are determined by the law of the jurisdiction in which the cause of action arose. On the question of the construction of the contract the court held that the certificate became due and payable at its date, and therefore the cause of action accrued thereon on March 31, 1900, when the deposit was made. Counsel for both parties have argued that question as being controlled by the law as decided by this court, and no question is made concerning any difference in the law of Alaska. The holding that the cause of action on the certificate accrued when it was made was not in accordance with the rule of law generally applied nor as declared in this State, and the refusal to hold the proposition that a cause of action did not accrue to the holder of the certificate until an actual demand for payment and refusal was error. The defendant was incorporated to engage in trading, transportation, navigation, or other means of transportation, warehousing, mining, and other like occupations. When the deposit was made for the certificate given at Nome there were no banks or banking facilities at that place, and the defendant received deposits, gave receipts, letters of credit or certificates of deposit, as requested by the depositor. It did not keep checking accounts

or do that branch of the banking business, but it had a book of certificates of deposit, and this one was numbered H761. The defendant not only conducted a transportation and merchandising business, operated steamboats, mines, hotels and railroads, but it did that branch of the banking business which has been stated, giving certificates of deposit. It is assumed by both parties that the business represented by certificates of deposit was a branch of the banking business, and the authorities and decisions relied upon to sustain the judgment are cases of certificates issued by banks. The rules of law so presented in argument and relied upon are at least as favorable to the defendant as those applicable in the case of savings banks or where a trust relation is created, which counsel insist is entirely absent in this case. The certificate acknowledged the receipt of $10,000, and contained a continuing promise to return the deposit in gold dust or United States or Canadian currency, and the general rule is that in such a case a demand is necessary to. fix liability and a cause of action does not accrue until a demand. A certificate of deposit payable to the depositor upon return of the certificate is not due until the certificate is tendered and demand for payment is made. (7 Corpus Juris, 650; 3 R. C. L. 582; 25 Cyc. 1096; 2 Daniel on Neg. Inst.—6th ed.—1907; *Elliott* v. *Capital City Bank,* 128 Iowa, 275.) The question has never been directly involved in any case in this court, but in *Mc-Cormick* v. *Hopkins,* 287 Ill. 66, the court quoted from *Elliott* v. *Capital City Bank, supra,* as follows: "Deposits are made in banks in accordance with universal commercial usage, which becomes a part of the law of the transaction. They are neither loans nor bailments in the strict sense of the term. A deposit is a transaction peculiar to the banking business and one that the court should recognize and deal with according to commercial usage and understanding." It had been said in *Hunt* v. *Divine,* 37 Ill. 137, that a certificate of deposit for a sum of money payable on re-

turn of the certificate three months after date was a promissory note, and that the maker was to find his paper and take it up and the demand was by the maker and not the holder, which, when made, would be the time to return the certificate; but in *McCormick* v. *Hopkins, supra,* the court said that a certificate of deposit has the settled distinguishing features of a bank deposit, but it is payable only on demand at the bank and on return of the certificate properly indorsed; that the borrower of money who executes a promissory note for it is bound to seek his creditor and pay him and the bank is not different in this respect from an individual, but a bank is not obliged to seek its depositors and pay them. In what was there said, as well as in the further consideration of the questions involved in this case, account is necessarily taken of the nature of the banking business and later usages and customs relating thereto. If it was the usage of banks in 1861, when the deposit in *Hunt* v. *Divine, supra,* was made, for the banker to find his certificate and take it up and the time to return the certificate was upon his demand, that was not the usage and custom thirty years afterward when this certificate was made and it has not been the usage and custom since that time, and what was said in *McCormick* v. *Hopkins, supra,* was correct.

Based on the finding that the cause of action accrued on March 31, 1900, when the deposit was made, the court held that the Statute of Limitations of this State barred the action ten years after that date, and on the same ground that the cause of action was barred in Alaska six years after the date of the certificate. These findings fall with the finding that the certificate was due at its date.

The finding that the action was barred under section 20 of the Statute of Limitations of this State, which provides that when a cause of action has arisen in a State or territory out of this State or in a foreign country, and by the laws thereof an action thereon cannot be maintained, an action will not be maintained in this State, was based on

the findings that the certificate was due at its date and was barred in six years in Alaska. This was incorrect, both because the defendant was all the time a resident of this State, with its principal office here, and the cause of action never did arise in Alaska since no demand was made there. It was also in direct conflict with the finding of fact that the business and branch at Nome were not maintained or operated after May 1, 1905, before the six years expired, so that the plaintiff could not have made a demand there for his money. The deposit was received at Nome and the certificate was to be returned there. The defendant having ceased to maintain its business and branch at Nome, the plaintiff was not bound to present it elsewhere unless at the place of residence and principal office of the defendant in this State. On that question it is of no importance that the plaintiff might have found an agent at some place in Alaska and have sued the defendant in that territory,—at least in the absence of any notice that the certificate would be redeemed at some other place in Alaska.

The remaining proposition of law held by the court was, that if the plaintiff was required to make a demand for payment of the certificate within a reasonable time he failed to make such demand and his action was therefore barred; that such reasonable time for making the demand was within six years after March 31, 1900, and not in excess of the period of limitation of the Territory of Alaska; that the plaintiff did not commence his suit within six years after the expiration of such reasonable time and in consequence thereof was barred by the Statute of Limitations of Alaska, and did not commence his suit within ten years after the expiration of such reasonable time and in consequence was barred by the Statute of Limitations of this State. The court applied the statute of Alaska to fix a reasonable time for making a demand, which necessarily implied that the demand was to be made in Alaska, and then applied both the Statute of Limitations of Alaska and the statute of

303—19

this State to bar the action. The Appellate Court did not approve of the finding that the certificate was due at its date without a demand, but affirmed the judgment upon the grounds that the plaintiff was required by law to make a demand within a reasonable time; that the certificate having been made in Alaska was governed by the law of that territory; that the reasonable time to make a demand for payment was within the period of the Statute of Limitations of Alaska, which ended on March 31, 1906; that the law would presume that a demand had been made within that period, and thereafter, the suit not being commenced within six years under the Alaska statute or ten years under the statute of this State, the action was barred.

It has been declared in various cases that it is the duty of the holder of a certificate of deposit to make a demand within a reasonable time, and unless a reasonable excuse appears such time will not be extended by the court beyond the statutory period of limitation; that at the expiration of that time the law will presume that a demand was made within that time, and the Statute of Limitations will begin to run from the expiration of such statutory period. The case of *Pierce* v. *State Nat. Bank*, 215 Mass. 18, is much relied upon and is frequently cited, and illustrates the necessity of considering the nature and purpose of different certificates of deposit and the expansion of the banking business to the safe-keeping of funds. In that case a certificate of deposit was made in 1859 and no demand was made until November 17, 1895, thirty-six years after its date, and suit was not begun until March 7, 1906, forty-seven years after the deposit. It was held that while a certificate of deposit for the most part has the incidents of a promissory note, it differs from a note payable on demand in that it is not over-due until after demand for payment; that such a certificate being payable only after demand, limitations do not begin to run until demand, and where it is not issued for money borrowed and bearing inter-

est the demand must be made within a reasonable time. The court said that the purpose and use of certificates of deposit, using that term in the proper sense, were to transmit funds and make payments like certified checks or cashier's checks; that the person desiring to transmit funds, deposited in the bank the sum to be paid or transmitted and procured a certificate of deposit, or drew his check and procured it to be certified by the bank, or procured a cashier's check, and by indorsing the certificate, the certified check or the cashier's check transmitted the money. On that ground it was held that the function performed by a certificate of deposit contemplated a presentation of it for payment within a short time, and the general rule therefore was applicable as to the time within which a demand should be made, which was the time limited for bringing action. The court said that such a certificate differs from and serves a different purpose from a certificate for money borrowed and which carries interest, as in *McGough* v. *Jamison,* 107 Pa. 336, and *Finkbone's Appeal,* 86 id. 368. The holding was that what would be a reasonable time was a question of law for the court under rules governing paper of that kind. That case and cases of that kind are not controlling if note is taken of the different nature of deposits in banks. Under present usages certificates of deposit are not generally employed for the purpose stated, but furnish evidence of deposits of money to be kept either for a stated time or indefinitely. Practically every village has its bank which invites deposits for safe keeping, and such banks generally have savings departments. Banks in receiving deposits may be mere custodians for safe keeping and come within the rule of *Campbell* v. *Whorisky,* 170 Mass. 63. In that case Mary Campbell began depositing her money with her second cousin in 1869, and in 1877 he gave her a memorandum of the amount received up to that time. The court held that a cause of action did not accrue until she demanded her money; that the element of trust entered into the trans-.

action, and she was not bound to demand the money within the statutory period of six years, but thirteen years after the date of the memorandum was a reasonable time within which to make the demand. The court said that in receiving and keeping the money for the plaintiff the depositary stood in the place of a savings bank. If Emerson's deposit was of such a nature as to require a demand within a reasonable time, the finding of fact was that business in Nome had been discontinued, and if a demand was to be made at the principal office of the defendant and the reasonable time governed by the statute of this State the action was not barred, so that the question is not involved. There were circumstances affecting the question of what would be a reasonable time, which is ordinarily a question of fact, and to adopt an arbitrary rule that it is a period fixed by the Statute of Limitations would be merely to double the statute, which would be unwarranted.

Counsel say that the delay in presenting the instrument and commencing the action, coupled with other circumstances, warranted the inference of payment and justified the judgment, but the trial court found that issue of fact against the defendant and that there had been no payment. There is also a suggestion that the judgment is right because the plaintiff did not testify, so that the defendant would have an opportunity to cross-examine him. There is no ground for the insinuation that his failure to testify justified an inference that he never deposited any money or that there was any valid defense to his suit. The certificate was a negotiable receipt for the money deposited, to be repaid on the return of the certificate properly indorsed. The facts as found by the trial court did not justify the judgment as a matter of law nor the affirmance by the Appellate Court.

The judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*