## WILLIAMS v. DRAKE.

District Court, E. D. Illinois.
Feb. 4, 1935.

W. A. Doss, of Monticello, Ill., for plaintiff.

F. J. Thompson, of Sullivan, Ill., for defendant.

LINDLEY, District Judge.

This action is based upon a certificate of deposit issued by the First National Bank of Monticello payable to plaintiff's deceased mother, whose estate has been settled in the probate court and the proceeds of which have passed legally to plaintiff. The certificate was issued in 1911. No demand was ever made upon the same until recently, and it is contended by the receiver of the bank that the action is barred by the statute of limitations of the state of Illinois (Smith-Hurd Ann. St. c. 83, § 17), governing actions upon written evidences of indebtedness.

The Supreme Court of Illinois seems to have disposed of this question, contrary to defendant's contention in the case of Emerson v. North Amer. Trans. Co., 303 Ill. 282, 135 N. E. 497, 23 A. L. R. 1, where the court held that a certificate of deposit is not due until the certificate is tendered and demand for payment made and that a cause of action does not accrue to the holder of the certificate until such demand is made and payment is refused. The court held also that the law would require such a demand to be made within a reasonable time and that what is a reasonable time depends upon the facts and circumstances of each case.

Here, shortly after the certificate was issued, the holder died. The certificate itself has never been found. There is no evidence of any notice brought to the plaintiff that such certificate existed, and nothing which would justify the court in assuming that she had notice of the existence of the indebtedness prior to the time she made her demand just before beginning suit.

Following the reasoning of the Supreme Court, it would seem that the action should not be barred because of an unreasonable time taken for making demand.

The law quite generally seems to be in accordance with the decision of the Illinois Supreme Court. See cases in annotations to 23 A. L. R. 7; 5 Michie on Banks & Banking, §§ 354 and 358; annotations in 29 L. R. A. (N. S.) 685, and 1 L. R. A. (N. S.) 1130.

The federal court is bound by the state's Supreme Court's construction of the statute of Illinois, but it is not bound by the announcements of that court upon principles of commercial law. Consequently whether an action accrues before a demand is made is a question not to be decided in accordance with the views of the Supreme Court of Illinois unless such is found to be the general law. From an examination of the authorities it appears that the better rule is in accordance with the Illinois decision. The only federal case found is Riddle v. First National Bank (C. C.) 27 F. 503. There the court held that a certificate of deposit payable to the order of the depositor upon the return of the certificate is not due or suable until demand has been made and certificate returned.

The same case is authority for the proposition that the statute of limitations is not set in motion against the certificate of de-

posit by the appointment of a receiver for the bank which issued it.

It follows that the plaintiff shall have judgment against the defendant, payable in due course of administration for the amount of the certificate of deposit, together with interest thereon to the date of judgment. Proper judgment may be prepared with amount computed for entry.