## SHEAF v. DODGE.

[No. 19,964.   Filed October 13, 1903.]

ATTORNEY AND CLIENT.—*Collection of Judgment.*—*Failure to Account.*— *Limitation of Actions.*—*Trusts.*—Plaintiff brought suit to recover money received by defendant as plaintiff's attorney, and not paid over or accounted for. The complaint alleged that defendant was employed by plaintiff to prosecute a claim for personal injuries, for which he was to receive a fee equal to one-half of the sum recovered; that thereafter, by agreement, another firm of attorneys was employed to assist defendant, defendant to forego one-half of his stipulated fee for the payment of such attorneys. A judgment of $10,000 was recovered, and, pending an appeal, a proposal of $5,000 in settlement was made, and, to induce plaintiff to accept same, defendant agreed that plaintiff should have $3,000 thereof, and that he would pay the other attorneys $1,250 and accept the balance in full of his fee; that defendant received the $5,000, paid plaintiff but $2,500 and failed to pay the other attorneys, but kept the same and also kept the $500 balance due plaintiff. The defendant pleaded the six-years' statute of limitations. *Held,* that the claims were not in the nature of a trust against which the statute of limitations would not run, but were claims upon which an action at law might have been sustained, after demand, and that they were barred by the six-years' statute of limitations. *pp. 270-275.*

LIMITATION OF ACTIONS.—*Demand.*—*Condition Precedent.*—Where a demand is necessary before suit, it must be made within the period of the statute of limitations. *pp. 273, 274.*

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Action by George W. Sheaf against Henry C. Dodge. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. D. Osborne,* for appellant.

*J. M. Van Fleet* and *J. S. Dodge,* for appellee.

HADLEY, J.—Suit by appellant against appellee to recover money received by him as appellant's attorney, and not paid over or accounted for. The complaint was filed September 12, 1901. Appellant charges therein that the defendant is a regular practicing attorney at law, and, as

such, the plaintiff employed him to institute and prosecute against a railroad company an action for personal injuries for an agreed fee equal to one-half of the sum recovered. Pending the trial, upon the defendant's request, the plaintiff employed Johnson & Herr, practicing attorneys at law, to assist the defendant in said trial, and in consideration of which employment the defendant was to forego one-half of this stipulated fee for the payment of Johnson & Herr. With the assistance of his said attorneys, the plaintiff, in December, 1884, recovered a judgment against the railroad company for $10,000. Pending an appeal to the Supreme Court, an offer of settlement was made by the company by which it proposed to pay $5,000 cash in full discharge of the plaintiff's said judgment. To induce the plaintiff, and whereby he did induce him to accept said offer, the defendant agreed that the plaintiff should have $3,000 of said $5,000, and that he would pay Johnson & Herr $1,250, and accept the balance in full of his fee. Pursuant to said agreement the defendant did, on December 6, 1886, as the plaintiff's attorney, receive and accept of the railroad company $5,000 in satisfaction of the plaintiff's judgment, and did thereafter pay to the plaintiff $2,500 of said money, but failed and neglected to pay the plaintiff the further sum of $500 as he had agreed, and the same remains unpaid. Moreover, the defendant has never paid Johnson & Herr any part of their attorney's fees so agreed upon, but has kept the same. For ten years after the defendant so received said money, he was, and continued to be the attorney and business manager and confidential agent of the plaintiff, and transacted confidential business for him, and was relied upon by plaintiff for advice and counsel, and during all said time the defendant failed to inform the plaintiff that he had not paid Johnson & Herr as he had agreed. Among other things, a money judgment is prayed. The defendant's third answer pleaded the six years' statute of limitations to so

much of the complaint as seeks to recover a money judgment. The plaintiff's demurrer to this answer was overruled, and this action of the court presents the only question before us.

The averments of the complaint concerning the business relations that arose and continued between the parties after the contract of employment sued on had been fully completed and terminated refer to a feature and theory of the case independent of appellant's claim and demand for a money judgment. They are not, therefore, within the issue before us and will receive no further notice.

The question may be stated thus: Does the cause of action stated in the complaint present a demand for money, subject to the statute of limitation? This question must be answered in the affirmative unless the averments of the complaint make out such a trust as falls within the exclusive jurisdiction of a court of chancery. The trusts that are exempt from the operation of the statute are such only as have been created by express contract or judicial order or decree, and must be open and running in accordance with the provisions of the original compact or order at the time the action is commenced. "The trusts coming within this rule," said this court in *Raymond* v. *Simonson,* 4 Blackf. 77, 81, "are direct trusts; technical and continuing trusts, which are not cognizable at law, but which are mere creatures of a court of equity. * * * So long as such a trust as that is continuing as a trust, acknowledged or acted upon by the parties, the statute can not apply." The court further says: "There are numerous eventual and possible trusts, that are raised by implication of law and otherwise, that fall within the control of the statute. Every deposit is a trust; every person who holds money to be paid to another, or to be applied to any particular or specific purpose, is a trustee, and may be sued either at law or in equity. * * * The sound rule then is, that the trusts not reached or affected in equity

by the statute of limitations, are technical and continuing trusts, of which courts of law have no cognizance." To same effect see *Parks* v. *Satterthwaite,* 132 Ind. 411; *Jones* v. *Henderson,* 149 Ind. 458, and cases cited; *Newsom* v. *Board, etc.,* 103 Ind. 526; *Stanley's Estate* v. *Pence,* 160 Ind. 363.

There is no averment of fraud, and we must treat the case as one into which no element of that kind enters.

The allegations of the complaint are to the effect that the plaintiff employed the defendant as his attorney to institute and prosecute against the railroad company a certain action for damages. The employment alleged was not a general employment to perform all services required for an indefinite or for a definite period, but to perform a single and particular service, namely, the prosecution of the plaintiff's suit to final judgment. When final judgment was rendered the contract of employment was at an end, and the trust complete. See authorities collated in 5 American Digest, 1571, §130. As an incident of the employment the defendant might properly receive payment from the judgment debtor, and, having done so, in the absence of an express contract that he should hold it to the plaintiff's use, his possession was that of an agent, holding money due his principal, and in which case a cause of action enforceable at law arose upon an implied contract, or for money had and received for whatever amount of it was withheld from the client. *Parks* v. *Satterthwaite, supra,* p. 413.

"The liability of an attorney for money of his client," says an eminent author, "which has come to his hands, in the absence of fraud, is simply that of an agent or factor, and creates a simple contract debt only." Wood, Limitations (2d ed.), §18.

Then conceding it to be the law that a statute of limitations does not begin to run until a right of action has

accrued, and conceding further that, under the rule adopted in this State, an action will not lie against an attorney for money collected by him until after a demand and refusal (*Claypool* v. *Gish*, 108 Ind. 424), still there confronts the appellant a more serious rule, namely, that in all cases where a right of action depends solely upon a demand for performance, such demand must be made within a reasonable time; and a reasonable time has been adjudged to be the period of the statute of limitation. *High* v. *Board*, etc., 92 Ind. 580; *Newsom* v. *Board*, etc., 103 Ind. 526.

It is averred in the complaint that appellee received the $5,000 from the railroad company on December 6, 1886, and thereafter paid appellant $2,500 thereof, but failed and neglected to pay him the additional $500 as he had agreed. By appellant's own averments he knew that appellee had received from the railroad company the amount agreed upon in satisfaction of his judgment, of which amount $3,000 was coming to him, and when he received the $2,500 he knew that appellee had in his hands and withheld $500 more due him pursuant to his employment and agreement, and which he might, upon the instant, have demanded, and set the statute of limitation going. If he failed to make the demand at that time, and stood by for fourteen years, or for any period beyond six years, without making it, he thereby became estopped from making it at all, and a demand subsequently made would be unavailing in entitling him to an action. The answer, therefore, setting up that the action did not accrue within six years, exhibited a sufficient defense to the claim for $500.

With respect to appellee's undertaking to pay Johnson & Herr $1,250 of the money received, appellant is in no better situation to recover. Appellee made the promise after the money had been received from the railroad company, and, while in the act of accounting with appellant,

agreed, without any new consideration, and upon the request and direction of appellant, to deliver $1,250 of the money to Johnson & Herr in payment of appellant's debt. The promise was purely voluntary, and, until accepted by Johnson & Herr, was subject to be repudiated or rescinded by either party. Under the averments of the complaint, the money was never paid to Johnson & Herr; neither did the latter ever accept appellee's promise. It was therefore at all times within the power of appellant to have annulled the arrangement to pay to Johnson & Herr, and demanded payment to himself, and thus have completed his right to sue at law and recover it of appellee as for money had and received. *Johnson* v. *Central Trust Co.,* 159 Ind. 605, and cases cited.

Appellant can not exonerate himself of laches by pleading and proving ignorance of nonpayment. No want of knowledge will excuse him that was not induced by appellee's false representations or concealment. There is no claim that false representations were made. The averment is that "during all said time the defendant failed to inform the plaintiff that he had not paid said money over to Johnson & Herr." We will assume, because not alleged to the contrary, that appellee was not at any time asked to give information upon the subject, and his failure to volunteer it was not concealment. Hence, as to the $1,250 item, appellant having failed to demand payment to himself within the period of six years after he might have perfected his right of action by so doing, subjects his claim to the interposition of the six-years' statute of limitation, and the demurrer to the third answer was properly overruled.

Judgment affirmed.