THE FIRST CITY TRUST & SAVINGS BANK *v.*
DOOLITTLE, EXR.

(Decided March 3, 1930.)

*Messrs. Slabaugh, Seiberling, Huber & Guinther,*
for plaintiff in error.

*Messrs. Doolittle, Foust & Holden,* for defendant
in error.

PARDEE, J.   In the second amended petition filed

by the defendant in error in the court of common pleas of said county, he alleged himself to be the duly appointed and acting executor of the will of Max Schumacher, deceased, who died a resident of said county on the 15th day of December, 1928; that the plaintiff in error is a banking corporation duly organized and existing under the laws of the state of Ohio; that on the 5th day of May, 1898, said decedent deposited with the Second National Bank of Akron, Ohio, the sum of $200, and that said bank issued him a certificate of deposit in the following words and figures, to wit:

"$200.00

"Certificate of Deposit
of Second National Bank
of Akron, Ohio.

"Akron, Ohio, May 5th, 1898.

"Max Schumacher has deposited in this Bank, Two Hundred Dollars in currency subject to the order of himself, payable in like funds upon the return of this Certificate properly endorsed.

"With interest at 4 per cent. per annum if left 2 months, subject to the rules of the savings department.

"No. 20061.

"Geo. D. Bates, Cashier."

Said defendant in error further alleged that on the 4th day of March, 1911, said Second National Bank duly assigned and transferred all of its assets to the First-Second National Bank of Akron, Ohio, and that, as a part of the consideration therefor, said bank assumed and agreed to pay all the obligations of the Second National Bank; that on the 30th day of April, 1923, the said First-Second National Bank

duly assigned and transferred to the plaintiff in error all of its assets, and that the said plaintiff in error, as a part of the consideration therefor, assumed and agreed to pay all the obligations of the said First-Second National Bank; that no part of the amount due upon said certificate had been paid; and that, on or about the 15th day of May, 1929, he offered to return said certificate to the plaintiff in error with a proper indorsement thereon, and demanded payment thereof from said plaintiff in error, but that it failed and refused to pay the same, and stated that it would not pay said certificate or any part thereof.

To said petition a demurrer was filed by said bank, on the grounds that the causes of action based upon said certificate of deposit and the contract of 1923 were barred by the statute of limitations and that the petition did not state a cause of action.

Upon the hearing in the trial court, the demurrer was overruled, and, the bank not desiring to plead further, final judgment was rendered in favor of said defendant in error for the full amount due upon said certificate; and the case is here on error to reverse the judgment so entered.

The principal question, therefore, before this court, is: When does the statute of limitations begin to run upon a certificate of deposit issued by a bank doing business in this state?

The defendant in error claims that the statute of limitations does not begin to run upon said certificate of deposit until a repudiation has been made by the bank of its liability thereon—either following a demand by the owner thereof for payment, or by the bank upon its own motion, and notice given

to the depositor; but the plaintiff in error claims that the statute begins to run within a reasonable time after the date of the instrument, which should be the statutory period applicable to written instruments and which in this state is fifteen years, and that more than an additional fifteen years have expired since said time.

Some of the decisions hold that a certificate of deposit is in the category with an ordinary promissory note payable on demand, and that the statute of limitations begins to run from the date the certificate is issued. Some others hold that the statute of limitations does not begin to run until a reasonable time has elapsed after the date of said certificate, and this reasonable time is generally held to be the statutory period governing the commencement of actions on ordinary written promises to pay which is in force in the state where the decision is rendered.

But by the great weight of authority in this country the statute of limitations does not begin to run until the obligation is repudiated by the bank, which usually occurs by demand being made for payment and refusal of the bank to honor the certificate.

While it is generally understood by the public that a banking corporation is a private one, organized by its stockholders for private gain, it nevertheless occupies the position of a *quasi* public institution, subject under the police power to reasonable regulation and control by the state. And while it is generally held that the relation of debtor and creditor exists between the bank and the depositor, it is recognized that this relation is not of the same character that generally exists between the ordinary debtor and creditor, as the money is not deposited in the bank

222

as a loan in the same sense that money is ordinarily loaned to individuals and others and notes taken to evidence the debt; the transaction, in the popular sense, is the receipt by the bank of the money for safekeeping, to be returned to the depositor upon demand—this popular notion being supported by the usual advertisements of the banks, in which they encourage their depositors to leave their money with them for long periods of time—a procedure which is in conflict with the theory that the bank reserves the right to set up the statute of limitations if the deposit is allowed to remain longer than the officials of the bank think it ought to be, and without notice being given to the depositor of a change in the contract.

After giving careful consideration to the cases cited and others, and the principles announced and the reasons therefor, we are unanimously of the opinion that the statute of limitations on a certificate of deposit such as this, should not and does not begin to run until a repudiation has been made by the bank of its obligation to pay the money represented by said certificate on the terms therein mentioned, and such repudiation brought to the attention and knowledge of the depositor.

But if the cause of action based upon the certificate were barred, the defendant in error in this suit would be entitled to recover, as is hereinafter demonstrated.

By the allegations of the petition it is expressly alleged that at the time the assets of the First-Second National Bank were transferred and assigned to the plaintiff in error, it assumed and agreed to pay all of the obligations of said assignor,

which, under the allegations of the petition, included the certificate of deposit issued to defendant in error's decedent by the Second National Bank; but the petition does not expressly allege that this agreement was in writing.

The agreement between the First-Second National Bank and the plaintiff in error was based upon a sufficient consideration and was made for the benefit of third parties, one of whom was the defendant in error's decedent; but it is claimed that, the petition not alleging that said contract was in writing, a cause of action based upon said agreement would be barred in six years from the date thereof, which time had elapsed before demand was made for the payment of said certificate and before suit was started.

It must be admitted, as a matter of law, that, if a cause of action based upon the certificate of deposit had been barred at the date of the agreement made in 1923, the right to plead the statute of limitations being a personal privilege of said assignor, and one which might have been asserted in a suit against it, the fact that said assignor by its express agreement procured the plaintiff in error to assume and agree to pay said certificate of deposit, notwithstanding the cause of action based upon it may have been barred by the statute of limitations, the plaintiff in error could not set up said statute as a defense in a suit based upon said contract. So, if the obligation to pay the amount due upon the certificate based upon the agreement is not barred by the statute of limitations, the defendant in error would be entitled to recover thereon whether or not a cause of action based upon the certificate of deposit is barred by the statute of limitations.

By Section 710-86, General Code, it was necessary, so far as the plaintiff in error is concerned at least, that the agreement made between it and said First-Second National Bank should be in writing, and certified copies filed with the superintendent of banks of this state and approved by him. So, under this situation, was it necessary, in order to state a cause of action, to allege in the petition that the agreement was in writing, and could it be claimed upon demurrer that the statute of limitations governing parol contracts applied to the cause of action based upon said agreement?

The demurrer admits that the contract was made as alleged and that the plaintiff in error assumed and agreed to pay the amount due upon said certificate, and, although the banking laws require a contract of this kind to be in writing, it is not one within the statute of frauds.

Contracts required to be in writing by the statute of frauds may be sued upon without alleging in the petition that they are in writing, unless the statute especially requires that allegation to be made; but unless this requirement is made by statute, or the petition affirmatively shows upon its face that the contract is not in writing, when it is required by the statute of frauds to be in writing, the petition is not subject to demurrer and does state a good cause of action without alleging the contract to be in writing. *Miller* v. *Auble,* 31 Ohio App., 67, 166 N. E., 384.

The demurrer filed by the plaintiff in error, setting up the statute of limitations, attacks not only the cause of action based upon the certificate of deposit, but also the cause of action based upon the contract of 1923; so can it be said that this contract

should be considered as resting in parol, and that therefore the cause of action in favor of the defendant in error, based upon said contract, would be barred in six years from the date the cause of action accrued, when the statute which gave the plaintiff in error the right to make said contract required it to be in writing, and if the petition had alleged it to be in writing, or if inferences could properly be drawn from the petition that it was in writing, the cause of action would not be barred if suit was started thereon within fifteen years after the cause accrued?

We think not. We take judicial notice of the general laws of this state, and when the plaintiff in error admits the making of the contract under which it took over the assets of the First-Second National Bank and assumed and agreed to pay its obligations, and it does not affirmatively appear from said petition that the contract was not in writing, it of course admits that it made the contract in the method required by law, to wit, in writing (*Shields* v. *Titus,* 46 Ohio St., 528, at pages 540 and 541, 22 N. E., 717); and, it also being our duty to draw all reasonable and proper inferences and conclusions from the petition in favor of the pleader, it necessarily follows that the presumption is that the contract was in writing, although not expressly stated to be so, as that was the only way a contract of this character could be properly made.

We are therefore unanimously of the opinion that the petition sets forth good causes of action, one upon the certificate of deposit and one upon the contract of 1923, and that neither cause of action is barred by the statute of limitations.

The other matters suggested by defendant in error as to why the statute of limitations does not run, are not necessary to be considered.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Funk, P. J., and Washburn, J., concur.