BORGMAN, TREASURER ET AL. *v.* STATE EX REL. RODENBECK.

[No. 26,673. Filed January 13, 1937. Rehearing denied April 2, 1937.]

396

*J. H. Aiken, A. L. Aiken* and *Harry H. Hilgemann,* for appellants.

*W. E. Wybourn, E. H. Henslee* and *Albert W. Ewbank,* for appellee.

FANSLER, J.—Appellee began this action against the treasurer of Allen County seeking a mandate to compel the treasurer to issue warrants in the sum of $3,600 to reimburse relator under the provisions of chapter 78 of the Acts of 1933 (Acts 1933, p. 488), providing for the relief of uncompensated freehold sureties on public depository bonds. There was judgment for appellee as prayed.

Error is assigned upon the overruling of a motion for a new trial.

There is no substantial conflict in the evidence, and the only question for decision is whether, under the facts, the judgment is correct.

It appears that relator was one of the partners in the private unincorporated Huntertown Bank; that the bank became a public depository for Perry and Eel River Townships, in Allen County, and executed the usual form depository bonds, which were signed by the bank as principal, and by the relator and other stockholders as sureties. The bank became insolvent, and was put into liquidation. Actions were brought by the boards of finance of the townships against the bank, the rela-

tor, and the other stockholders who signed the bonds. There were judgments, and on execution the sheriff levied on property of the relator, which was sold at sheriff's sale, and $3,600 of the proceeds paid to the two townships, which were the judgment creditors.

It is appellee's contention that the judgments against the relator are upon his obligation as surety on the bonds; that he was an uncompensated surety, and is entitled therefore to recover the amounts collected from him under the judgments.

The complaints in the actions by the boards of finance of the townships alleged that the defendant, Huntertown Bank, tendered a bid as a public depository, and executed its personal bonds, conditioned as provided by statute, to the effect that it would faithfully perform all of its duties, and that it would account for and pay any funds deposited, and interest thereon; that for more than a year the bank had monies of the townships, which it failed, neglected, and refused to pay; "that by reason thereof said bond has become due and payable and all of said defendants have become liable thereon for the full amount of said deposits." The bonds were made exhibits to the complaints. The defendants were summonsed and appeared. Thereafter the cases were dismissed as to the Huntertown Bank, and the defendants were defaulted for failure to answer. The causes were submitted for trial, evidence was heard, and there were findings and judgments that the plaintiffs recover of the defendants the sums due and costs. There is nothing in the judgments indicating whether the recovery against the defendants is as principals or sureties, but it is clear that, as partners in the bank, they were liable as principals, and recovery might have been had against them as such if any distinction had been made in the original actions as to principals and sureties. It is true that the actions were dismissed as to the bank, but

the actions against the bank were merely actions against the remaining defendants who were partners. Under the banking statute a judgment against the bank alone would bind the partners, or the partners might have been made parties defendant with the bank, or have been sued alone. The partners were liable as principals, and the depository bonds bound them when signed by the bank as principal, and their signing the bonds as surety added nothing to their liability thereunder. As members of the partnership they were jointly and severally liable for all of the indebtedness of the bank.

Chapter 78 of the Acts of 1933 provides for the release and discharge from liability of uncompensated freehold sureties upon public depository bonds, and the issue of warrants in reimbursement of any such person who has made any payment or payments founded upon any such liability. It does not contemplate the release or reimbursement of principals, or those who are liable as principals. Appellee contends that his obligation as a surety on the bonds of the bank is something different and distinct from his obligation as a principal, and that, since the judgments were recovered upon the bonds in which he appears as a surety, they are not judgments that he was bound as a principal, and therefore he is entitled to recover in this action. But, when the bank signed the obligations, the relator became severally liable as a principal for the entire obligation, and it is difficult to see how his obligation could be increased or changed in any respect by signing as surety for himself. However, the character of the judgments which were taken against the relator does not determine his right to recover under chapter 78 of the Acts of 1933. It is his relationship to the transaction that determines his rights. Section 7 of the act provides for the issue of credit warrants "in the event any payment or payments have heretofore been made within a period of one year

prior to the taking effect of this act by any surety described in this act upon any liability described in this act from which said surety would have been relieved, released or discharged, if this act had been in force and effect at the time such payment was made." But the relator would not have been discharged from his liability on the bonds if the act had been in force at the time the judgments were taken against him, since, if he was, in fact, a surety upon the bonds, he was also without question a principal. At the time the judgments were taken it was unimportant whether he was a surety or principal, since his obligation to pay is the same in either event. But if the act had been in force or anticipated, he was clearly liable as a principal, and judgment could as readily have been had against him as such. If the relator is permitted to recover in this action it would mean that one who was principally liable is entitled to recover a sum paid upon a judgment, for which he is still liable if the statute of limitations has not run, because of the fact that the judgment against him did not name him as a principal at a time when there appeared no necessity therefor, and when there would be no distinction between his liability as principal or surety. The statute does not provide for the reimbursement of one who has made a payment upon a judgment rendered upon a contract in which he was named as a surety; it provides for the reimbursement of one who was, in fact, a surety, and who was not otherwise liable.

The action is in mandate, and in such a proceeding the parties seeking the relief must, by pleading and proof, affirmatively and positively show a clear legal right to the relief sought. One who seeks relief under a statute applicable to one class of persons only must bring himself clearly within the class. Neither by pleading nor proof is it shown that the relator's relation to the obligation of the bonds in question

was that of a surety without compensation only. It is alleged in the answers, and proven, that he was liable as a principal. Since his relationship to the transaction controls his right to recovery, there can be no recovery. The facts are clear and undisputed, and there is no necessity for a new trial.

Judgment reversed, with instructions to enter judgment for appellants.