ERWIN *v.* ERWIN ET AL.
[No. 16,960.   Filed May 8, 1942.]

*Albert B. Chipman,* of Plymouth, and *Walter R. Arnold,* of South Bend, for appellant.

*Delph L. McKesson* and *Marshall F. Kizer,* both of Plymouth, for appellees.

STEVENSON, J.—On the 30th day of June, 1883, one James H. Matchett was operating a private bank in

the town of Bourbon, Indiana, and was doing business under the name of James H. Matchett & Company. On said date, this bank executed to Robert Erwin a certificate of deposit for the sum of $150.00. This certificate recited that "Robert Erwin has deposited in this bank One Hundred fifty_____ Dollars payable to the order of Self, in current funds on return of this Certificate, properly endorsed." This certificate forms the basis of the claim of the appellees against the estate of James H. Matchett. The appellees filed this claim as the sole surviving heirs at law of the said Robert Erwin, deceased.

To this claim, the appellant filed an answer in three paragraphs. The first paragraph of answer was based upon the twenty year statute of limitations. The second paragraph of answer alleged that no intangible tax stamps had ever been affixed to the written instrument, which constitutes the basis of this claim. The third paragraph of answer was a plea of payment, but was subsequently withdrawn.

The appellees filed a demurrer to each of the first and second paragraphs of answer, which demurrer was sustained as to each paragraph. The appellant refused to plead further, and elected to stand on the ruling on the demurrers. The court accordingly rendered judgment for the appellees for the sum of $150.00, together with the costs of this action. It is from this judgment that the appellant has appealed, and the errors assigned in this court are the alleged errors in the sustaining of the demurrers to the first and second paragraphs of appellant's answer.

The appellant contends that under the rules of the Supreme Court, effective September 2, 1940, the appellant was required to plead the statute of limitations, by way of answer, if he desired to defend on this ground,

and the court accordingly committed reversible error in sustaining the demurrer to the first paragraph of answer.

Conceding, without deciding, that under the rules of the Supreme Court, effective September 2, 1940, the appellant was required to plead specially all defenses which he might have to the appellees' cause of action, the rule has long been established that the appellant had a right to file answers setting up affirmative defenses in claims against estates, if he desired to do so. § 6-1015, Burns' 1933. The filing of affirmative paragraphs of answer, under the rule prior to September 2, 1940, was deemed a waiver of all other defenses not specially pleaded. In the case at bar, therefore, having filed the affirmative paragraphs of answer, the appellant is limited to the defenses so pleaded, regardless of the above mentioned court rule. *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869. The sufficiency of such answer is properly tested by a demurrer.

The demurrer to the first paragraph of answer presents a question as to whether or not the statute of limitations begins to run against the ordinary certificate of deposit, payable on the return of the certificate properly endorsed, prior to the time payment is demanded. The appellant contends that the certificate of deposit is in the same category as a demand note. The appellant has cited us to the following cases in Indiana which hold that actions on notes payable on demand are barred by the ten year statute of limitations, if payment is not demanded or payments made within ten years from the date thereof. *Kraft* v. *Thomas, Executor* (1890), 123 Ind. 513, 24 N. E. 346; *Sheaf* v. *Dodge* (1903), 161 Ind. 270, 68 N. E. 292; *Hitchcock* v. *Cosper* (1905), 164 Ind. 633, 73 N. E. 264. On the

strength of this authority, the appellant contends that the statute of limitations begins to run on a certificate of deposit, payable on demand or on return of the certificate, from the date thereof. In a discussion of the rule, as contended for by the appellant, we find the following statement in Vol. 34, Am. Jur., Limitation of Actions, § 124, p. 102:

> "A majority of the courts, however, reject this rule applicable to demand notes, taking the view that the ordinary certificate of deposit issued by a bank is payable on demand, or on the return of the certificate properly endorsed, and that the statute of limitations does not begin to run until demand on such a certificate."

The reasons adopted by the courts, which follow the majority rule, are well set forth in the case of *First-City Trust & Savings Bank* v. *Doolittle* (1930), 36 Ohio App. 218, 221, 222, 173 N. E. 19. In this case, the appellee deposited with the bank of Akron, Ohio, the sum of $200.00 on the 5th day of May, 1898, and received therefor a certificate of deposit, payable on the return of the certificate properly endorsed. On the 15th day of May, 1929, the certificate was returned, with proper endorsement, and payment was demanded. Payment was refused, and an action was commenced to which complaint a demurrer was addressed, asserting that the action showed on its face that it was barred by the statute of limitations. In discussing the question, as to when the statute begins to run upon a certificate of deposit, the court said:

> "But by the great weight of authority in this country the statute of limitations does not begin to run until the obligation is repudiated by the bank, which usually occurs by demand being made for payment and refusal of the bank to honor the certificate.

"While it is generally understood by the public that a banking corporation is a private one, organized by its stockholders for private gain, it nevertheless occupies the position of a *quasi* public institution, subject under the police power to reasonable regulation and control by the state. And while it is generally held that the relation of debtor and creditor exists between the bank and the depositor, it is recognized that this relation is not of the same character that generally exists between the ordinary debtor and creditor, as the money is not deposited in the bank as a loan in the same sense that money is ordinarily loaned to individuals and others and notes taken to evidence the debt; the transaction, in the popular sense, is the receipt by the bank of the money for safekeeping, to be returned to the depositor upon demand—this popular notion being supported by the usual advertisements of the banks, in which they encourage their depositors to leave their money with them for long periods of time—a procedure which is in conflict with the theory that the bank reserves the right to set up the statute of limitations if the deposit is allowed to remain longer than the officials of the bank think it ought to be, and without notice being given to the depositor of a change in the contract.

"After giving careful consideration to the cases cited and others, and the principles announced and the reasons therefor, we are unanimously of the opinion that the statute of limitations on a certificate of deposit such as this, should not and does not begin to run until a repudiation has been made by the bank of its obligation to pay the money represented by said certificate on the terms therein mentioned, and such repudiation brought to the attention and knowledge of the depositor."

The same question was before the Supreme Court of Illinois in the case of *Emerson* v. *North Amer. Trans. Co.* (1922), 303 Ill. 282, 287, 135 N. E. 497, 23 A. L. R. 1. In this case, the court said: "A certificate of deposit payable to the depositor upon return of the certificate

is not due until the certificate is tendered and demand for payment is made."

This same question was before the Supreme Court of Iowa, in the case of *Elliott* v. *Capital City State Bank* (1905), 128 Iowa 275, 276, 103 N. W. 777. In this case, the Supreme Court of Iowa overruled its former decisions by which it had in effect held that an ordinary certificate of deposit is in legal effect a demand note, in so far as the statute of limitations is involved. In overruling such former decisions, the Supreme Court said, p. 778:

"We do not believe that any sound reason for so holding exists. It is undoubtedly true that such certificates have many of the incidents of promissory notes, and that they are often classed as such, but it is equally as true that a certificate of deposit represents a transaction entirely different from that represented by a note. A promissory note ordinarily represents a loan or its equivalent, and it is generally the duty of the debtor to seek the creditor and pay him, and it was for the protection of the debtor that demand notes were originally held to be due at once. Deposits are made in a bank in accordance with the universal commercial usage, which becomes a part of the law of the transaction. They are neither loans, nor bailments in the strict sense of the term. A deposit is a transaction peculiar to the banking business, and one that the courts should recognize and deal with according to commercial usage and understanding. The primary purpose of a general deposit is to protect the fund, and some of the incidental purposes thereof are the conveniences of checking and transacting large business interests without keeping and handling large sums of money. The transaction is in reality for the benefit and convenience of the depositor, and while the relation of debtor and creditor exists, and the bank has the use of the money for commercial gain, it assumes no further obligation than to pay the amount received when it shall be demanded at its banking house."

The court concluded its discussion by saying: "And that it is not due and payable until actual demand is made, we think is held by the overwhelming weight of authority."

This same language was repeated and the same conclusion reached by the Supreme Court of Iowa, in the later case of *Dean* v. *Iowa-Des Moines Bank* (1940), 227 Iowa 1239, 1254, 290 N. W. 664, 128 A. L. R. 137. The court said: "We think there is no merit in the appellees' contention that, if an actual demand is necessary to mature the certificate, such demand must be made within the period of the statute of limitations."

The same rule seems to prevail in the federal courts, which have had occasion to pass upon this question. In the case of *William* v. *Drake* (1935), 9 F. Supp. 672, an action was brought upon a certificate of deposit issued in 1911. The court referred to the case of *Emerson* v. *North Amer. Trans. Co., supra,* and approved the holding therein. The court then said: "The only federal case found is Riddle *v.* First National Bank (C. C.), 27 F. 503. There the court held that a certificate of deposit payable to the order of the depositor upon the return of the certificate is not due or suable until demand has been made and certificate returned." The court accordingly held that the claim was not barred by the statute of limitations.

While this precise question does not seem to have been determined by the courts of appeal in this State, and while there is respectable authority for the contrary view, as disclosed by the annotations on this subject, appearing in 23 A. L. R., 11, we think the better reasoning is exemplified in the cases above cited. It is our opinion, therefore, that the statute of limitations does not begin to run against a certificate of deposit issued by a bank, payable upon the return

456

of a certificate properly endorsed, until such certificate has been returned and demand for payment made. This view we believe to be supported by the weight of authority in the several jurisdictions. In addition to the cases cited, see *Harris* v. *Neuman* (1934), 179 Ga. 879, 177 S. E. 698; *Prewett* v. *First Nat. Bank of Hagerman* (1928), 45 Idaho 451, 262 P. 1057; *Arnold* v. *Security Bank of St. Joseph* (1926), 221 Mo. App. 683, 285 S. E. 161; *City of New York* v. *Fidelity Trust Co.* (1934), 276 N. Y. S. 341, 243 App. Div. 46; *First State Bank of Lyford* v. *Parker* (1930), (Tex.), 27 S. W. (2d) 279.

There was accordingly no error in sustaining the demurrer to the first paragraph of the appellant's answer.

The appellant further contends that the court erred in sustaining the demurrer to the second paragraph of appellant's answer. This answer alleged in substance that the appellees "have continuously during said period been residents of the state of Indiana, and at no time have they or either of them affixed, or caused to be affixed, and there are not and never were affixed to the said certificate of deposit forming the basis of the claims herein, any intangible taxes, pursuant to the laws of the state of Indiana."

In support of his contention, the appellant insists that since this is a claim against an individual it is subject to the provisions of the intangible tax act, and is invalid and nonenforceable until the taxes provided by the act shall have been paid. § 64-930, Burns' 1933.

It will be noted that the paragraph of answer does not contain any allegation that the taxes imposed by the intangible tax act have not been paid by the appellees. But aside from this allegation, it is provided by the act that "The term 'intangible' or 'intangibles'

shall not apply to, mean nor include any . . . banker's acceptances, bank checks, drafts, deposits in banks . . . or certificates representing the same." § 64-901 (b), Burns' 1933. Subsection (k), of the above statute, provides that the term "bank," shall mean and include a private bank, organized under the laws of this State.

It is apparent, therefore, that the certificate of deposit, which forms the basis of this claim, having been issued by a private bank in Indiana, is not included within the class of intangibles, upon which the holder is required to pay a tax. The fact that the claim is sought to be enforced against the individual owner of the private bank, instead of the bank itself, does not operate to change its status as an intangible. The owner of a private bank is individually liable for all the obligations of the bank, and such owner may be sued in his individual capacity by the creditors of the bank. *Hall* v. *Essner* (1935), 208 Ind. 99, 193 N. E. 86; *Borgman, Treas.* v. *State ex rel. Rodenbeck* (1937), 211 Ind. 395, 5 N. E. (2d) 522; *Kimmel* v. *Captain* (1940), 107 Ind. App. 621, 24 N. E. (2d) 435.

The answer does not allege that the private bank which issued the certificate of deposit is no longer in existence, nor does it allege any fact which removes the instrument, which forms the basis of this claim, from that class of intangibles which are specifically exempt from the operation of the intangible tax law.

There was accordingly no error in sustaining the demurrer to the second paragraph of appellant's answer.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 41 N. E. (2d) 644.