MEMORANDUM *
Plaintiff Derron Gerard Flores, administrator of the Estate of Donald G. Flores (“Decedent”), appeals the district court’s grant of summary judgment to Defendant Union Bank on the ground that the statute of limitations bars Plaintiffs claims and appeals the award of attorney fees to Defendant. Reviewing de novo the grant of summary judgment, Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir.2011), and for abuse of discretion the award of attorney fees, Goodman v. Staples Office Superstore, LLC, 644 F.3d 817, 822 (9th Cir.2011), we affirm in part, reverse in part, and remand for further proceedings.
1. We reverse the district court’s holding that the statute of limitations began to run in 1999. Under relevant law. of the Commonwealth of the Northern Mariana Islands (“CNMI”), a “cause of action against the obligor of a demand or time certificate of deposit accrues upon demand.” 5 CMC § 3122(2). The district court held that Decedent’s visit to the Bank in 1999 and his inquiry—“how I get my money”—constituted a demand.
We disagree. It is disputed whether Decedent was requesting payment or merely inquiring about the process by which to redeem his time certificate of deposit (“TCD”). But, even if Decedent requested payment, the Bank did not refuse to pay him at that time. Instead, it simply told him to bring in his TCD, which was a conditional acceptance.
The statute of limitations did not begin to run until Decedent’s' demand was refused. Although this is an issue of first impression in the CNMI, every court to consider what constitutes a “demand” in *698 the context of suing on a certificate of deposit requires not only an unequivocal “demand,” but also a refusal. See, e.g., Statute of Limitations as Applied to Certificate of Deposit, 128 A.L.R. 157 (1940); Allied Fid. Ins. Co. v. Bank of Okla., N.A., 894 P.2d 1101, 1105 (Okla.1995) (statute of limitations began to run when unequivocal demand was unsatisfied); Edelmann v. Chase Manhattan Bank, N.A., 861 F.2d 1291, 1302 n. 66 (1st Cir.1988) (“Demand occurs upon presentment and refusal to pay.” (quoting Garcia v. Chase Manhattan Bank, N.A., 735 F.2d 645, 648 (2d Cir.1984))); Erwin v. Erwin, 111 Ind.App. 448, 41 N.E.2d 644, 646 (1942) (“great weight of authority” holds that claim does not accrue until there has been a refusal). When we confront an issue of first impression under state law, we must decide what we think the highest state court would do. Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., 306 F.3d 806, 812 (9th Cir.2002). Here, we conclude that the CNMI Supreme Court would follow the general rule and hold that a refusal is required to begin the statute of limitations after a demand for payment of a certificate of deposit has been made. Accordingly, Decedent’s cause of action did not accrue in 1999.
2. On June 10,2008, Decedent wrote to the Bank, formally requesting payment. This action was unequivocally a demand that was refused on September 22, 2008, when the Bank wrote back. We therefore hold that a cause of action accrued on that date and began the statute of limitations period.
■ 3. Decedent filed this action on September 22, 2011, claiming breach of contract, unjust enrichment, negligence, fraud, and violation of the CNMI Consumer Protection Act. In the CNMI, the statute of limitations for contract claims is six years. Century Ins. Co. v. Guerrero, 2009 MP 16 ¶7, 2009 WL 4855961, at *2 (N.Mar.I. 2009). The period is four years for claims under the Consumer Protection Act. 4 CMC § 5110. It is two years for tort claims, 7 CMC § 2503(d). Therefore, we hold that Decedent’s contract claims and Consumer Protection Act claim are not barred by the statute of limitations; his tort claims are time-barred.
4. Decedent argues that fraudulent concealment tolls the statute of limitations for his tort claims. But Decedent did not raise a material issue of fact that Defendant fraudulently concealed facts that prevented him from discovering his claim. Accordingly, the fraudulent concealment claim fails.
5. Defendant argues that, notwithstanding the statute of limitations, laches should apply to bar his claims. A party claiming a laches defense bears the burden to show “(1) inexcusable delay in the assertion of a known right; and (2) the party asserting laches was prejudiced.” In re Estate of Rios, 2008 MP 5 ¶ 9, 2008 WL 986043, at *3 (N.Mar.1.2008). The Bank has shown neither inexcusable delay nor prejudice. Even assuming that laches could apply in addition to the applicable statute.of limitations, the doctrine would not bar Plaintiffs claims.
6. Finally, Decedent argues that the district court erred in awarding attorney fees despite denying a grant of a motion to compel. Federal Rule of Civil Procedure Rule 37 provides that the court must award attorney fees for a motion to compel “[i]f the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed.” Here, Decedent produced all tax documents in his possession after Defendant had filed a motion to compel. For that reason, the district court correctly awarded attorney fees to Defendant.
*699 AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.