Eleanor F. WHITLOCK, Administratrix of the Estate of Robert Marshall French, Plaintiff-Appellant,

v.

The BANK OF MARYVILLE, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

Dec. 19, 1980.

Permission to Appeal Denied by Supreme Court Feb. 23, 1981.

Wayne Christeson, Butler, Vines, Babb & Threadgill, Knoxville, for plaintiff-appellant.

Carl P. McDonald, Goddard & Gamble, Maryville, for defendant-appellee.

## OPINION

FRANKS, Judge.

The issue presented by this appeal is whether a claim based on a deposit of $500.00 in defendant bank on June 10, 1915, evidenced by a paper writing signed by an officer of the bank, is barred by any statute of limitations.

The complaint avers the document is a certificate of deposit, payable to Beulah M. French, who devised the certificate to her son, Robert French, and plaintiff, the daughter and administratrix of the Estate of Robert French, upon presentment of the certificate to the bank was refused pay-

ment in violation of the terms of the certificate. Judgment in the amount of $8,500.00, representing principal and accrued interest was demanded, also punitive damages for defendant's alleged violation of fiduciary responsibilities.

Defendant filed a motion to dismiss and for summary judgment, asserting the suit was barred by the statute of limitations. Affidavits were submitted with the motion stating the certificate in question was presented to the bank more than 10 years prior to the filing of the complaint and payment had been refused. Responding to the motion to dismiss, the trial court held as a matter of law that the action was barred by the statute of limitations. His judgment is based on the motion to dismiss and not any statements contained in the affidavits in the record.

The case is before us in the posture of whether from the face of the complaint, as amended, it is clearly shown the claim is barred by any statute of limitations.

The certificate issued by defendant bank was exhibited to the complaint and is in this form:

| NOT SUBJECT TO CHECK | THE BANK OF MARYVILLE | NO. A2218 |
|---|---|---|

Maryville, Tenn., June 10, 1915    $ 500.00

R. P. McReynolds    has deposited in this Bank

FIVE HUNDRED DOLLARS    Dollars

payable to the order of    Mrs. Beulah M. French

on the return of this Certificate properly endorsed. In current funds. Interest at the rate of 4% per annum, if left 3 months.

Liner Bays
Cashier

Plaintiff insists the document is a certificate of deposit and the statute of limitations does not begin to run on a certificate of deposit of no fixed term until demand for payment is made and refused. Defendant argues the certificate is a demand instrument and the applicable statute of limitations is T.C.A., § 28–102,[1] which provides the limitation commences from the time the

plaintiff's right to make a demand was completed and not from the date of demand. Alternatively, if the certificate is construed to be a certificate of deposit, defendant asserts the limitation would still commence from the time the certificate was issued since certificates of deposit are treated as promissory notes for purposes of statutes of limitation.

■ A certificate of deposit is a written acknowledgment by a bank or banker of the receipt of a sum of money on deposit which the bank or banker promises to pay to the depositor, to the order of the depositor, or to some other person or to his order. 10 Am.Jur.2d, *Banks*, § 455; 9 C.J.S. *Banks and Banking* § 311. No particular form is necessary to constitute a certificate of deposit, provided the essential characteristics are present. 10 Am.Jur.2d, *Banks*, § 455; 9 C.J.S. *Banks and Banking* § 313.

■ A certificate of deposit is characterized by acknowledging the receipt of a deposit and a promise of repayment, the latter being essential to distinguish it from a deposit slip. 9 C.J.S. *Banks and Banking* § 313 at 640. However, the words "promise to pay" are not essential; the promise is implied when the fact of deposit is established. 10 Am.Jur.2d, *Banks*, § 455 at 426. Certificates of deposit are customarily signed by the bank's cashier but may properly be signed by a teller or any other bank officer or officers designated by the directors. 9 C.J.S. *Banks and Banking* § 313 at 640.

While our courts have not addressed the issue, the clear majority view is statutes of limitation do not begin to run with respect to the liability of a bank on a certificate of deposit until a demand for payment has been made. 10 Am.Jur.2d, *Banks*, § 466; 54 C.J.S. *Limitation of Actions* § 145b; 10 C.J.S. *Bills and Notes* § 250. See Annot., 23 A.L.R. 7 and 128 A.L.R. 157, *Certificate of Deposit—Limitation*. A few courts, however, conclude the statutes of limitation be-

---

1. T.C.A., § 28–102. *Commencement at time of right to make demand.*—When a right exists, but a demand is necessary to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand.

gin to run on a certificate of deposit from the date of issue, 10 Am.Jur.2d, *Banks*, § 466; 54 C.J.S. *Limitations of Actions* § 145b, on the theory that certificates of deposit have the same characteristics as demand or promissory notes and should be treated as such for the purposes of statutes of limitation. *See* Annot., 23 A.L.R. 11, *Certificate of Deposit—Limitation.*

The majority rejects this theory and the underlying reasons are well expressed in the early case of *Elliott v. Capital City State Bank*, 128 Iowa 275, 103 N.W. 777, 778 (1905):

> Deposits are made in a bank in accordance with the universal commercial usage, which becomes a part of the law of the transaction. They are neither loans, nor bailments in the strict sense of the term. A deposit is a transaction peculiar to the banking business, and one that the courts should recognize and deal with according to commercial usage and understanding. The primary purpose of a general deposit is to protect the fund, and some of the incidental purposes thereof are the convenience of checking and transacting large business interests without keeping and handling large sums of money. The transaction is in reality for the benefit and convenience of the depositor, and while the relation of debtor and creditor exists, and the bank has the use of the money for commercial gain, it assumes no further obligation than to pay the amount received when it shall be demanded at its banking house. [Citation omitted.]
>
> A bank may receive or decline deposits, and do business with whom it pleases. It may receive a general deposit to-day, and to-morrow, for reasons of its own, it may return the amount deposited, and refuse absolutely to transact business further with such depositor. [Citations omitted.] But unless the banker desires to return the deposit, he is under no obligation to seek his creditor for the purpose of making payment. If no actual demand be

necessary to mature the debt created by a deposit, then depositors may sue at once upon leaving the bank, and a transaction intended to be for the mutual benefit of both may become one of oppression and wrong to the bank, and this the law should not tolerate.

■ A certificate of deposit is distinguishable from a promissory note payable on demand. A promissory or demand note ordinarily represents a loan or its equivalent. It is generally the duty of the debtor to seek the creditor and pay him and it is for the protection of the debtor that such notes were originally held to be due at once. A deposit is a transaction peculiar to the banking business and a certificate of deposit is distinct by its terms from a promissory note.

■ We adopt the majority view that a certificate of deposit issued by bank payable on return of certificate properly endorsed is payable on demand[2] and the statute of limitation does not begin to run until demand is made.

■ However, under the majority view, a demand must be made in a reasonable time and what is a reasonable time is a question of fact depending on the circumstances of the case. *Emerson v. North American Transportation & Trading Co.*, 303 Ill. 282, 135 N.E. 497 (1922); *Dean v. Iowa-Des Moines Nat. Bank & Trust Co.*, 227 Iowa 1239, 290 N.W. 664 (1940); *Williams v. Drake*, 9 F.Supp. 672 (E.D.Ill.1935).

■ The judgment for defendant is vacated on the basis the averments of the complaint do not establish as a matter of law that any statute of limitations bars this suit. The case is remanded to the trial court for further proceedings.

Costs incident to the appeal are assessed against defendant.

PARROTT, P. J., and SANDERS, J., concur.

---

**2.** The certificate is a demand certificate, *i. e.*, it is payable "on the return of this certificate, properly endorsed...." *See Easley v. East* *Tennessee Nat. Bank*, 138 Tenn. 369, 198 S.W. 66 (1917); 10 C.J.S. *Bills and Notes* § 247a; 10 Am.Jur.2d, *Banks*, § 455.