426 So.2d 1382 (1983)
Edna Kuntz MILLER, as Curatrix of the Estate of the Interdict, Marie Diane Miller
v.
The BANK OF NEW ORLEANS and Trust Company.
No. CA0164.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
Benjamin B. Saunders and Ann Torneny Palmisano, Davis, Saunders & Miller, Metairie, for plaintiff-appellant.
J. David Forsyth, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendant-appellee.
Before KLEES, BARRY and CIACCIO, JJ.
KLEES, Judge.
This is a suit against a bank for monies allegedly due on a certificate of deposit. Pursuant to a hearing, the trial court maintained the bank's peremptory exception of prescription and dismissed plaintiff's suit. Plaintiff appeals this ruling.
On April 4, 1972, Marie Diane Miller, obtained a certificate of deposit in the amount of $12,899.05 from The Bank of New Orleans and Trust Company ("BNO") with a maturity date of July 5, 1972. Appellant, as curatrix of Miller's estate, filed suit on May 1, 1981 to collect the amount of funds represented by the certificate and the interest which accrued thereon as of the date of its maturity, a total of $13,045.36.
BNO filed a peremptory exception of prescription alleging that any such claim prescribed in 1977, four years prior to the filing of this suit. After a hearing, the trial court maintained the exception and dismissed Miller's suit.
Appellant argues that a certificate of deposit is written evidence of a contract of deposit between the bank and the party depositing the funds and that actions to recover thereon are governed by the ten *1383 year prescriptive period provided for by La. C.C. art. 3544.
"Art. 3544. In general, all personal actions, except those before enumerated, are prescribed by ten years."
We do not agree.
The civil code articles dealing with deposits characterize them as specifically defined transactions containing certain necessary elements. The pertinent articles provide:
"Art. 2944. Restoration of precise object.
Art. 2944. The depositary ought to restore the precise object which he received. Thus a deposit of coined money must be restored in the same specie in which it was made, whether it has sustained an increase or diminution of value.
Art. 2948. Restoration of proceeds of deposit; interest.
Art. 2948. If the thing deposited has been productive, and the proceeds have been received by the depositary, he is bound to restore them. He owes no interest for the money deposited in his hands, except from the day on which he became a defaulter by delaying to restore it.

Art. 2963. Distinction between perfect and imperfect deposit abolished; real deposit defined.
Art. 2963. The distinction formerly established by law between the perfect and the imperfect deposit, is abolished. The only real deposit is that where the depositary receives a thing to be preserved in kind, without the power of using it, and on the condition that he is to restore the identical object."
(Emphasis added)
It is well recognized that a bank deposit creates a creditor-debtor relationship. The articles dealing with deposits are not applicable because a bank deposit does not involve the restoration of the identical object tendered. Gumbel v. Abrams, 20 La.Ann. 568 (1868), Tenark Construction Corporation v. Great American Mortgage Investors, 431 F.Supp. 863 (W.D.La.1977).
Furthermore, an essential condition of a deposit is that the thing deposited can be identified. In Re Louisiana Savings Bank and Safe Deposit Co., 40 La.Ann. 514, 4 So. 301 (1888).
Appellee argues that a certificate of deposit is a promissory note, thus the applicable prescriptive period is five years. We can find no Louisiana decisions which directly address this issue.
UCC § 3-104 (codified as R.S. 10:3-104) sets forth the form of negotiable instruments:
"2(c)a `certificate of deposit' if it is an acknowledgment by a bank of receipt of money with an engagement to repay it;
"Art. 3540Actions on Negotiable of Non-Negotiable Bills and Notes
Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable."
The nature of a certificate of deposit is discussed at 10 Am.Jur.2d § 457:
"While a certificate of deposit may, under special circumstances, be considered nothing more than a mere receipt, in its usual and ordinary form it contains the elements of a promissory note, rather than of a mere receipt, and in general has that legal effect. The essential element of a promissory note, namely, an unconditional promise to pay a sum certain of money absolutely, is present, and the instrument is in general governed by the same rules that control instruments of that character. Properly indorsed, it is widely regarded as a negotiable instrument transferable in the same manner and with the same results as other negotiable paper. More definitely, certificates of deposit issued by bankers are without doubt negotiable in the sense that they may be transfered by indorsement so as to authorize a transferee to maintain an action thereon in his own name, and the prevailing view is that a certificate of deposit, written in full and regular form, is a *1384 promissory note with all of the incidents of negotiability, and as such negotiable." 10 Am.Jur.2d, § 457 at pp. 427-28. (Emphasis added)
Appellee asserts that the prescriptive period on this certificate of deposit began to run on its maturity date which the record indicates as July 5, 1972. It is obviously on this basis that the trial judge maintained the exception of prescription, filed by appellee. Nonetheless, LSA R.S. 10:3-122 dealing with accrual of causes of action dictates that demand is necessary to start the prescriptive time running.
"§ 3-122. Accrual of cause of action. (2) A cause of action against the obligor of a demand or time certificate of deposit accrues upon demand, but demand on a time certificate may not be made until on or after the date of maturity."
Thus while we may agree that actions on a demand or time certificate of deposit are prescribed by five years, we must look not only to the maturity date of the certificate itself, but we must also examine the evidence submitted relative to when demand was actually made.
The only indication shown in that record that any type of demand was made upon appellee in support of its exception of prescription was the affidavit of Geraldine Rainey, Assistant Vice-President and Manager of Collections for appellee, who stated that "... no claim that the certificate of deposit has not been redeemed was asserted until shortly prior to filing the captioned suit..." The actual date of filing of the suit was May 1, 1981. Thus we conclude that the exception of prescription should not have been maintained.
Accordingly, for the reasons stated above, the judgment maintaining the exception of prescription and dismissing appellant's petition is hereby reversed and this matter is remanded to the trial court for trial. All costs of this appeal to be paid by appellee.
REVERSED AND REMANDED.
CIACCIO, J., concurs with written reasons.
CIACCIO, Judge, concurring.
I agree with the majority that a certificate of deposit is a negotiable instrument. La.R.S. 10:3-104(c). Further, I agree that the prescriptive period is the five years provided for in La.C.C. art. 3540 and that demand is necessary to start the prescriptive time running. La.R.S. 10:3-122.
Ms. Rainey's affidavit is the only evidence in support of the exception of prescription. There is no countervailing evidence. In addition to the quote in the majority opinion, Ms. Rainey in her affidavit also stated that "... according to BNO's accounting records [the Certificate of Deposit at issue] was redeemed on July 5, 1972." and "... the Certificate reflects an obligation by BNO to pay the holder the sum reflected thereon 92 days after issue date, which was, in fact done." Demand is implicit in the redemption and payment to which Ms. Rainey makes reference. After careful consideration of the pleadings and the affidavit in support of the plea of prescription, however, I would find the evidence insufficient to properly make a determination of whether and when demand was made to start the prescriptive time running.
Under La.C.C.P. art. 2164 a case may be remanded for introduction of further evidence if grave injustice might result from failure to do so. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981); State, through Department of Highways v. Freyer, 129 So.2d 114 (La.App. 2d Cir.1961); Hamilton v. Hamilton, 258 So.2d 661 (La. App. 3d Cir.1972). Accordingly, I would set aside the judgment sustaining defendant's exception of prescription and remand the case for further proceedings to take additional evidence concerning whether and when demand was made.
Having reached a result similar to the majority result, respectfully, I concur.