[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY THE PLAINTIFFS AND THE DEFENDANT
FACTS
The plaintiffs, Larry E. Stripling and Billie R. Stripling, filed a one count complaint dated February 1, 1991 and an application for prejudgment remedy. The plaintiffs seek money damages after making repeated demands on the defendant, New England Savings Bank, for payment of principal and interest due on the CD.
The plaintiffs allege that on February 6, 1981 they opened a CD, account number 20611173, in the amount of $100,000 for a 31 day term at the defendant bank (formerly the Savings Bank of New London). A copy of the CD is attached to the complaint. The CD, by its terms, is nonnegotiable and nontransferable.
The plaintiffs allege that on February 6, 1981 they placed the CD in a safe place among other valuable papers. The plaintiffs further allege that June 1, 1990 was the next time they came into contact with the CD while looking for other papers. The plaintiffs allege that after finding the CD they made several demands on the defendant for payment and to date the defendant has failed to pay. Thus, the plaintiffs filed suit.
On July 10, 1991, defendant filed an answer and four special defenses: payment of the CD on March 9, 1981; the statute of limitations; laches; and abandonment.
On September 18, 1991, plaintiffs filed a reply to the special defenses, motion for summary judgment, affidavits of Billie R. Stripling and Larry R. Stripling and a supporting memorandum.
On October 23, 1991, the defendant filed a memorandum in opposition to plaintiff's motion for summary judgment and also filed a motion for summary judgment based on its statute of limitations special defense, a supporting memorandum, and the affidavit of David J. Kneg, senior vice president of the New England Savings Bank.
On November 6, 1991, plaintiffs filed a reply brief.
DISCUSSION
"Practice Book Section 384 provides that summary judgment `shall be rendered forthwith if the pleadings, CT Page 10389 affidavits and any other documentary proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co.,215 Conn. 143, 148, 574, A.2d 1298 (1990). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts." State v. Goggin,208 Conn. 606, 615, 546 A.2d 250 (1988) (citation omitted). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Id., 610. "In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." McColl v. Pataky, 160 Conn. 457, 459, 280 A.2d 146
(1971) (citations omitted).
The court notes that the CD at issue is not a negotiable instrument; therefore the Uniform Commercial Code, General Statutes Section 42a-3-101, et seq., does not govern this transaction.
The parties do not dispute that the six-year statute of limitations in General Statutes Section 52-576 applies to demands upon CDs. The parties do, however, dispute when the six-year period began to run.
The defendant asserts that the applicable statute of limitations begins to run when the CD matures. Thus the statute of limitations began to run on March 9, 1981 and expired on March 10, 1987.
The plaintiffs argue that the statute did not begin to run until demand was made in August or September of 1990. The plaintiffs also claim that the statute of limitations does not apply to this case because the parties have not been in any adversarial position to trigger the running of the statute of limitations and the doctrine of escheat supercedes the statute of limitations.
General Statutes Section 52-576 provides in pertinent part that: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ."
The court notes that there is no Connecticut law on whether Section 52-576 applies to CDs. "A certificate of deposit is a written acknowledgement by a bank of the receipt of a sum of money on deposit with the bank which the bank promises to pay, creating a debtor and creditor relationship." CT Page 10390 Federal Deposit Ins. Corp. v. Pioneer State Bank,155 N.J. Super. 381, 382 A.2d 958 (1977). "The provisions of a certificate of deposit form a contract which creates the relationship of debtor and creditor between the bank and its depositor. (citation omitted). That contract determines the manner in which the funds may be withdrawn and is subject to the law of contract." Salazar v. San Benito Bank Trust Co.,730 S.W.2d 28 (Tex.App.-Corpus Christi — 1987); Spurdock v. Commercial Banking Co., 227 S.E.2d 790, 796 (Ga.Ct.App. 1976), aff'd 231 S.E.2d 748 (1977). The CD created a contract between the parties and General Statutes Section 52-576 is the applicable statute of limitations.
There is no Connecticut law governing when the limitations period begins to run on a CD. Defendant argues that a nonnegotiable CD is a contract, essentially the same as a promissory note and therefore the statute of limitations should begin to run as it does on promissory notes: upon maturity. On the other hand, the plaintiffs argue that the statute of limitations does not begin to run until a demand is made.
"(A) certificate of deposit is distinguishable from a demand promissory note . . . and that it is not due and payable until actual demand is made . . . is held by the overwhelming weight of authority." Dean v. Iowa-Des Moines Nat. Bank Trust Co., 290 N.W. 664 (Iowa 1940). A CD is not essentially the same as a promissory note and therefore different rules apply.
In Miller v. Bank of New Orleans, 426 So.2d 1382,1384 (La.App. 4 Cir. 1983), the court held that demand is necessary on a certificate of deposit to start the statute of limitations running. The court also said that it must also look at the maturity date of the certificate and when demand was actually made to see if demand was made within a reasonable time. Id. In Whitlock v. Bank of Maryville,612 S.W.2d 481, 484 (Tenn.App. 1980), the court stated: "(w)e adopt the majority view that a certificate of deposit issued by a bank payable on return of certificate properly endorsed is payable upon demand and the statute of limitations does not begin to run until demand is made." Id. See also Yahn McDonnell v. Farmers Bank State of Delaware, 708 F.2d 104 (3d Cir. 1983); Hinds v. Southwestern Savings Assoc. of Houston,562 S.W.2d 4 (Tex.Civ.App. 1977); Erwin v. Erwin,41 N.E.2d 644 Ind. App. 1942); Jackson v. Citizens Trust Bank,211 S.E.2d 17 (Ga.Ct.App. 1974). "However, under the majority view, a demand must be made in a reasonable time and what is a reasonable time is a question of fact depending on the circumstances of the case." Whitlock, supra, 484. CT Page 10391
The statute of limitations does not begin to run until a demand for payment is made. Therefore in the case before the court, the statute of limitations did not begin to run until the plaintiffs made a demand for payment in July 1990. However, a question of fact remains as to whether the plaintiffs made a demand within a reasonable time from the maturity of the CD. Therefore both plaintiffs' and defendant's motion for summary judgment are hereby denied because there is an issue of material fact to be decided.
HURLEY, J.