[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 2, 1992 the court heard evidence in this case. On December 27, 1991, the court decided Motion for Summary Judgment filed by both parties. Both motions were denied because a question of fact remained as to whether the plaintiffs made a demand for payment within a reasonable time from the maturity date of the Certificate of Deposit (the "CD").
Claims of law and fact are discussed in the court's decision on the Motion for Summary Judgment and will not be repeated here.
The plaintiffs testified that they had opened a CD account on February 6, 1981 in the amount of $100,000 for a term of one month at the defendant's bank. The plaintiffs then put the CD in a safe place with other papers. They forgot about it until around June 1, 1990 when they presented the CD for payment. The CD stated "Certificate must be endorsed and surrendered for payment." The defendant refused to honor the CD or make payment.
The plaintiff, Billie R. Stripling, testified that the reason they did not present the CD for payment on March 6, 1981 was due to emotional problems and moving their home. The plaintiffs moved to Waterford, Connecticut, to Old Lyme, Connecticut, and then to the state of Florida. The move to Old Lyme was around 1985-1986. The CD was in a green box which was placed in a safe at the Waterford home. They moved to Old Lyme. They put the safe in a safety deposit box in a bank in Essex when they spent the winter in Florida in 1985-1988. When they made the permanent move from Florida, they took the safe with them. Mrs. Stripling discovered the CD when the safe was opened in Florida in 1988.
Billie Stripling also testified that her son, Keith Stripling, lost a leg in a 1977 accident. After the accident he took drugs and stole money from her. In February and CT Page 2269 March of 1981, Keith was working in the family business. He was using heroin. He stole money from the business to buy drugs. As a result of her son's problems, she was under severe mental strain.
She had other accounts at the defendant's bank during that period. She had two savings accounts each with about $100,000. She paid cash for the home in Old Lyme. In early 1981, Larry E. Stripling was often out of state buying and selling used cars. Billie Stripling dealt with the bank accounts. In 1985 she withdrew all of her money from the bank, about $150,000. She does not recall taking the $100,000 from the CD on March 9, 1981 or any other time.
The court finds that the plaintiff has proven the allegations of the complaint. The question is whether the defendant has proven the allegation of the special defense.
The defendant then presented evidence regarding its special defense.
The defendant first claims that it made payments of $100,000 on the CD and interest in the amount of $1,313.19 on the CD.
To support this claim various records were placed into evidence purporting to prove payment. These included a Signature Card stamped "paid" dated March 9, 1981. (Defendant's Exhibit 1).
The defendant also produced a computer printout showing the plaintiffs' account with the designation "Withdrawal — $100,000." (Defendant's Exhibit 2).
David J. Krug, Senior Vice President of the bank explained the significance of the signature card and the computer printout. He testified that these two documents would indicate payment.
The court also takes judicial notice of Connecticut General Statutes 36-2a regarding retention of bank records and Banking Commission Regulations which permit destruction of records after seven years retention. The court recognizes that a showing that seven years has elapsed is sufficient excuse for failure to produce such records. However, while CT Page 2270 the court draws no inference against the bank on failure to produce additional records, the court may not draw an inference that such records would necessarily support the position of the bank.
The court finds that the records of the bank showing a withdrawal of $100,000 and a signature card stamped "paid" are not sufficient to prove payment, when weighed against the CD with the wording on it, "This certificate properly endorsed must be surrendered for payment." The evidence produced by the bank suggests that the money was withdrawn from the account but fails to prove it was paid to the plaintiffs.
The court therefore finds that the defendant has failed to prove its first special defense.
Regarding the second special defense of the running of the six year statute of limitations, the court finds that the issue is not if Connecticut General Statutes 52-576
applies, but when the statute began to run. The defendant asserts it began when the CD matured on March 9, 1981. The plaintiffs claim it was not until demand for payment was made in August or September, 1990.
While there are no Connecticut cases as to when the statute of limitations starts to run on a CD, other jurisdictions hold that it begins when demand is made. The majority view is that a demand must be made in a reasonable time, and what is a reasonable time is a question of fact depending on all the circumstances of the case.
In Miller v. Bank of New Orleans, 426 So.2d 1382,1384 (La.App. 4 Cir. 1983), the court held that demand is necessary on a certificate of deposit to start the statute of limitations running. The court also said that it must also look at the maturity date of the certificate and when demand was actually made to see if demand was made within a reasonable time. Id. In Whitlock v. Bank of Maryville,612 S.W.2d 481, 484 (Tenn.App. 1980), the court stated: "(w)e adopt the majority view that a certificate of deposit issued by a bank payable on return of certificate properly endorsed is payable upon demand and the statute of limitations does not begin to run until demand is made." Id. See also Yahn 
McDonnell v. Farmers Bank State of Delaware, 708 F.2d 104 (3d CT Page 2271 Cir. 1983); Hinds v. Southwestern Savings Assoc. of Houston,562 S.W.2d 4 (Tex.Civ.App. 1977); Erwin v. Erwin,41 N.E.2d 644 Ind. App. 1942); Jackson v. Citizens Trust Bank,211 S.E.2d 17 (Ga Ct. App. 1974). "However, under the majority view, a demand must be made in a reasonable time and what is a reasonable time is a question of fact depending on the circumstances of the case." Whitlock, supra, 484.
Thus, the issue presented to the court is whether demand was made in a reasonable time considering the plaintiffs' problems with their son, Billie Stripling's emotional distress over her son's loss of his leg, heroin problems, thefts from the business, Larry Stripling's work out of state and moving of their residence from Waterford to Old Lyme to Florida.
Accordingly, the court finds that the defendant has failed to prove its second special defense of the statute of limitations.
The third special defense is the doctrine of laches. The elements of laches are: (1) There must be an inexcusable delay, and (2) that delay must have prejudiced the defendant. Kurzatowski v. Kurzatowski, 142 Conn. 680
(1955). Laches is an equitable doctrine which is normally invoked to defeat a cause of action which would succeed but for prejudicial delay. However, the plaintiffs point out that if the funds from the CD were not paid out, it would be unjust for the defendant to keep such funds, and the interest thereon, despite delay by plaintiff, even without any particular showing as to the reason for the delay. Edelman v. Chase Manhattan Bank, 861 F.2d 1291 (1988).
The court finds that the defendant has failed to prove the third special defense.
In its fourth special defense the defendant asserts that the plaintiffs abandoned their claim by allowing nine years to pass without attempting to enforce it.
The defendant presented no evidence to prove that the plaintiffs intentionally abandoned their claim.
Accordingly, the court hereby orders judgment for the plaintiffs in the amount of $100,000 plus interest and CT Page 2272 costs.
Hurley, J.