EDWARDS, C.J.,
dissents.
hi disagree, in part, with the majority opinion in that I find merit in the company’s argument that the trial court incorrectly relied on the “bank statement defense” set forth in Louisiana’s Uniform Commercial Code, specifically La. R.S. KM-JOdic),[1] which requires a bank customer to exercise reasonable promptness in examining a bank statement.
It has been well established that a bank deposit creates a creditor-debtor relationship which is contractual in nature. The articles dealing with deposits are not applicable because a bank deposit does not involve the restoration of the identical object tendered.[2] Furthermore, an essential condition of a deposit is that the thing deposited can be identified.[3]
Mr. DeJean relied on a valid deposit slip issued to him by the bank.[4] I believe that the obligation to check the bank statements relied upon by the bank does not apply to deposits. As the creditor in the contractual relationship, the company had the right to demand the payment of the amount of the deposit at any time. Because the bank, as the debtor in this relationship, refused to pay out the 12amount of the deposit to the order of the company on the first request made in 2008, this action was timely brought.
I would reverse the trial court on the issue of prescription.

. If a bank sends or makes available a statement of account or items pursuant to Subsection (a), the customer must exercise reasonable promptness in examining the statement or the items to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.

. Miller v. Bank of New Orleans, 426 So.2d 1382 (La.App. 4 Cir.1983).

. Id.

. I agree with the analysis and conclusion in the majority opinion that the record supports the trial court’s finding that the deposit slip was a legitimate Hibernia National Bank corrected deposit slip.